(924 P.2d 662)
No. 73,853

RANDAL D. SMITH, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed October 18, 1996.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for the appellant.

*Debra S. Peterson*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

LEWIS, J.: In 1991, petitioner pled guilty to a charge of indecent liberties with a child and was sentenced to a term of 5 to 20 years. The record suggests that the victim was the 10-year-old daughter of petitioner. In 1993, petitioner filed two 60-1507 motions, literally opening the floodgate on a variety of motions and orders which have made this case a procedural nightmare. Petitioner appeals, among other things, the refusal of the trial court to dismiss his original motions and let him start over.

We will not attempt to describe in detail the variety of pleadings filed in this action. Suffice it to say, between July 1993 and May 1994, there were at least 24 separate court orders, motions, and other items filed in case No. 93-C-1699. In the process of this litigation, petitioner has added a variety of lawyers as defendants and has even included the Attorney General of the State of Kansas. All but one of the pleadings filed by petitioner were filed pro se.

In April 1994, the present counsel was appointed to represent petitioner and has done so ever since.

Petitioner's court-appointed attorney filed a motion to amend the original 60-1507 motion and has raised new constitutional issues. In addition, he has alleged that it is necessary that he obtain a transcript of the plea hearing in which petitioner entered his plea of guilty. The trial court denied the motion to amend and refused the request for a transcript. On the surface, it appears that the last pleading has raised a legitimate question concerning petitioner's conviction and that sooner or later petitioner's request for a transcript must be considered on its merits and, in all probability, granted.

In addition to all of the pleadings filed in the trial court, there have been two notices of appeal filed to this court. The first notice of appeal has never been properly docketed and is hereby dismissed. We deal with the second notice of appeal.

Although petitioner raises a variety of issues on appeal, we have concluded that we need deal with only one. On August 3, 1993, at a time when no adverse party had served an answer or a motion for summary judgment, petitioner filed a document entitled "Motion to Dismiss." This document was prepared pro se and is rather unartfully drawn but clearly seeks to dismiss case No. 93-C-1699 so that petitioner could refile his litigation as a habeas corpus action. The motion to dismiss apparently went unnoticed until July 1994, when the trial court refused to grant it because it was not labeled "Notice to Dismiss" but was captioned "Motion to Dismiss."

The issue we must resolve on this appeal is whether the document filed by petitioner in August 1993 had the effect of dismissing his previously filed 60-1507 motion. We conclude that it did and that all orders entered by the trial court after August 3, 1993, were made without jurisdiction and are void.

A proceeding under K.S.A. 60-1507 is civil in nature and is governed by the rules of civil procedure. See Kansas Supreme Court Rule 183 (1995 Kan. Ct. R. Annot. 181); *Taylor v. State*, 251 Kan. 272, 280, 834 P.2d 1325 (1992). K.S.A. 60-241(a)(1) provides:

"[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the clerk of the court shall enter an order of dismissal as a matter of course. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

In the event an answer or motion for summary judgment is filed and served by an adverse party, a party may only dismiss the action by filing a motion to dismiss and seeking an order of the court. There is no question in this case that petitioner filed a document which was captioned "Motion to Dismiss." It is also undisputed that when petitioner filed his "Motion to Dismiss," none of the adverse parties in the action had served an answer, motion for summary judgment, or any other pleading.

The question is whether, under the circumstances, we should recognize petitioner's motion to dismiss as a notice of dismissal. There is also some question as to whether K.S.A. 60-241(a)(1) has application to a 60-1507 proceeding.

These are questions of apparent first impression in this state.

K.S.A. 60-241(a)(1) is identical to Rule 41(a) of the Federal Rules of Civil Procedure. See *Sumner v. Law Offices of Jerry Berg, P.A.*, 20 Kan. App. 2d 572, 574, 890 P.2d 742 (1995). Under these circumstances, we have, in the past, relied upon the federal court's interpretation of Rule 41(a) to guide us in interpreting K.S.A. 60-241(a)(1). See 20 Kan. App. 2d at 574. We have researched the federal decisions on this issue and find at least three decisions which have concluded that under Rule 41(a) a notice of dismissal captioned as a motion to dismiss operates as an effective dismissal at the time of filing. These cases take a common sense approach to the issue and conclude that once the document is filed within the time frame stated by the statute, neither the court nor the adverse party can prevent dismissal, and the fact that the document is captioned "Motion" rather than "Notice" is without legal significance. *Williams v. Ezell*, 531 F. 2d 1261, 1263 (5th Cir. 1976);

*Sanchez v. Vaughn Corporation*, 282 F. Supp. 505, 506-07 (D. Mass. 1968); *Wilson & Co. v. Fremont Cake & Meal Co.*, 83 F. Supp. 900, 902-03 (D. Neb. 1949).

We believe the reasoning of the federal decisions on this issue is sound. We can think of no good reason for concluding that the caption of a pleading should control over its content. This is particularly true in the case of a pro se pleading. Under these circumstances, we have long held that substance must control over form. In reading petitioner's "Motion to Dismiss," there is no doubt that petitioner wants to dismiss his motions filed under K.S.A. 60-1507. The document was filed within the time frame in which ex parte dismissal is permitted under 60-241(a)(1), and such dismissal is automatic. To permit the substance of a pleading to be trumped by its caption is neither legally sound nor supportive of judicial economy. We have in the past indicated that the trial courts should consider certain pleadings as motions filed under 60-1507 regardless of the caption or even the relief sought by those motions. See *State v. Mejia*, 20 Kan. App. 2d 890, Syl. ¶ 3, 894 P.2d 202 (1994). These decisions recognize that something more than a strict adherence to form is occasionally necessary in the interests of justice and judicial economy. It is clear to us that in this case a great deal of confusion, not to mention time, could have been avoided by recognizing the substance of petitioner's motion to dismiss and by dismissing the action and allowing him to start the process anew. The rule we announce in this case is designed to give preference to substance over form in dealing with pro se motions under K.S.A. 60-1507.

We also see no particular reason why K.S.A. 60-241(a)(1) should not apply to a motion under K.S.A. 60-1507. It is true there are no Kansas decisions which specifically say that it does, but that may be due more to the obvious answer to the question than to its complexity. In federal habeas corpus proceedings under 28 U.S.C. § 2254 and § 2255 (1994), the federal courts have routinely allowed the application of Fed. R. Civ. Proc. 41(a), at least as to motions to dismiss without prejudice under 41(a)(2). See, *e.g.*, *Clark v. Tansy*, 13 F. 3d 1407, 1410-11 (10th Cir. 1993); *Hurd v. Mondragon*, 851 F.2d 324, 328-29 (10th Cir. 1988); *Kramer v. Butler*, 845

F.2d 1291, 1294 (5th Cir. 1988); *Estep v. United States*, 251 F.2d 579, 582-83 (5th Cir. 1958). It is true that all of these cases deal with the application of 41(a)(2), although Rule 41(a) is often quoted in its entirety without excluding the possible application of 41(a)(1). However, *Potts v. Zant*, 638 F.2d 727 (5th Cir. 1981), concedes that there is a right to dismiss a habeas petition under Rule 41(a)(1).

We have no problem with concluding that K.S.A. 60-241(a)(1) is applicable to proceedings under K.S.A. 60-1507. The dismissal is, by statute, without prejudice and, in the absence of other significant facts, should not be considered, in and of itself, as evidence of an abuse of the process when a subsequent motion is filed.

We hold that a proceeding pursuant to K.S.A. 60-1507 may be voluntarily dismissed under K.S.A. 60-241(a)(1) by the filing of an appropriate document. We further hold that when a document seeking dismissal is filed within the time frame set out in K.S.A. 60-241(a)(1), it will operate as an automatic dismissal of the action upon filing even though it may be labeled "Motion to Dismiss" rather than "Notice to Dismiss." We intend that the application of this rule should have principal application in cases involving pro se proceedings under K.S.A. 60-1507.

The effect of our decision is that any holding made by the trial court after August 3, 1993, was made without jurisdiction and is void. Since a dismissal is, by statute, without prejudice, petitioner is free to begin anew the procedure under K.S.A. 60-1507.

This case is remanded with directions to dismiss case No. 93-C-1699 as of August 3, 1993.

Reversed and remanded with directions.