NOT DESIGNATED FOR PUBLICATION

No. 116,625

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAENGDAO STAR HONGPHAKDY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed May 12, 2017. Affirmed.

*Ian T. Otte*, of Herlocker, Roberts & Herlocker, L.L.C., of Winfield, for appellant.

*Christopher E. Smith*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  Saengdao Star Hongphakdy appeals the district court's summary dismissal of his motion to relate back to his original K.S.A. 60-1507 motion pursuant to K.S.A. 2016 Supp. 60-215(c). In the alternative, he claims the district court should have liberally construed his new motion as a separate K.S.A. 60-1507 motion and, therefore, failed to properly construe the merits of his motion.

We find no error in the district court's denial of Hongphakdy's request for his current motion to relate back to his first 60-1507 motion which this court considered in *Hongphakdy v. State*, No. 105,784, 2012 WL 3629869 (Kan. App. 2012) (unpublished

1

opinion) (affirming the district court's denial of K.S.A. 60-1507 motion; mandate issued September 21, 2012). Here, the district court did not construe Hongphakdy's current motion as a separate and distinct 60-1507 motion, but we do, and we determine it to be both successive and untimely. We affirm.

FACTS

In 2007, Hongphakdy was convicted by a jury of rape and aggravated criminal sodomy and sentenced to 234 months' imprisonment. On direct appeal, another panel of this court upheld his convictions and sentence. See *State v. Hongphakdy*, No. 98,921, 2009 WL 929067 (Kan. App. 2009) (unpublished opinion). Following his direct appeal, Hongphakdy filed a motion pursuant to K.S.A. 60-1507, alleging several points of error including ineffective assistance of trial counsel. Specifically, he alleged trial counsel was ineffective for failing to present a mistake of fact defense and failing to object to the district court's jury instructions. The district court denied his 60-1507 motion, Hongphakdy appealed, and another panel of this court affirmed the district court. See *Hongphakdy*, 2012 WL 3629869, at *6.

On June 6, 2016, Hongphakdy filed a pro se motion with the district court captioned as "PETITION FOR RELIEF PURSUANT TO K.S.A. 60-1507 RELATION BACK OF AMENDMENTS UNDER K.S.A. 60-215(c)." He asked the district court to treat his motion as "an amended and supplemental pleading under K.S.A. 60-215(c) relating back to the original petition . . . as the original habeas petition was factually deficient and failed to properly identify, address, and properly assert substantial and prejudicial claims [relating to trial counsel's] performance." Specifically, Hongphakdy alleged trial counsel was ineffective for failing to: (1) reasonably prepare for trial; (2) reasonably research and investigate medical evidence, procedures, and examinations; (3) review the expert witness' assertions and opinions; (4) obtain an expert witness to testify on his behalf; and (5) obtain an interpreter due to his limited command of the English

language. In his motion, he particularly stressed trial counsel's failure to review the qualifications of Kristi Powers, the sexual assault nurse examiner who testified about his victim's injuries, as well as trial counsel's failure to obtain an expert witness to rebut her testimony.

The district court issued an extensive ruling denying Hongphakdy's motion in which it thoroughly discussed the procedural history of the matter. Ultimately, the district court concluded:

"The purpose of K.S.A. [2016 Supp.] 60-215 is to allow for the amendment of pleadings in an existing matter prior to its conclusion, not afterwards. As a result, the Court does not believe [Hongphakdy's motion] for relief and request to relate back that pleading to his original 60-1507 [motion] filed herein is appropriate.

. . . .

"For these reasons, the Court does not believe that [Hongphakdy] is entitled to amend his original pleading nearly four years following the receipt of the last mandate, and almost five and a half years after the initial statute of limitations on the filing of a 60-1507, to try and obtain the relief requested.

"Additionally, as the Court looks at the merits of the amended pleading . . . it's clear that many of the errors alleged have previously been dealt with not only by the trial court, but by the Kansas Court of Appeals. As a result, at least with respect to whether or not the statute of limitations would prohibit it with relation back of a pleading, the Court believes that there is insufficient basis here to find an issue of manifest injustice.

"That being said, the Court at this point is simply denying the defendant's motion and request to relate back his present pleading to his prior 60-1507 in this matter. Should the defendant wish to file a subsequent 60-1507, he may attempt to do so. However, it would still be subject to the provisions of K.S.A. 60-1507(c) and (f) dealing with both successive motions and the time limitations previously discussed herein."

Hongphakdy filed a motion for reconsideration. The district court denied his motion.

ANALYSIS

*K.S.A. 2016 Supp. 60-215(c) does not apply.*

Hongphakdy filed this motion 5-1/2 years after the statutory deadline for filing a 60-1507 motion and nearly 4 years after this court issued its mandate affirming the district court's denial of his first 60-1507 motion. His request to relate his present motion back to his previous 60-1507 motion presents several problems. First, it concerns a matter in which this court has ruled and issued a mandate. Second, the grounds he alleges are distinct from those raised in his original motion.

K.S.A. 2016 Supp. 60-215(c) provides in part:

"*Relation back of amendments.* An amendment to a pleading relates back to the date of the original pleading when:

(1)     The law that provides the applicable statute of limitations allows relation back;

(2)     the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading."

While movants filing 60-1507 motions generally do not have the right to amend their original motions, they may do so if the district court, in its discretion, allows them to. *Thompson v. State*, 293 Kan. 704, 714, 270 P.3d 1089 (2011). An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

If the district court allows an amendment, any new claims in the amended motion must meet a separate test for timeliness. The new claims only relate back to the date of the original filing and are therefore timely if they arose "out of the conduct, transaction or

4

occurrence set out, or attempted to be set out, in the original pleading." K.S.A. 2016 Supp. 60-215(c)(2); *Thompson*, 293 Kan. at 714.

As the district court noted, Hongphakdy's motion to relate back concerns an issue that has "previously been dealt with not only by the trial court, but by the Kansas Court of Appeals." To relate back to his original motion, the district court would have to reopen a matter in which this court has already ruled and issued a mandate. We can find no basis upon which the district court can reopen a case once a mandate from the Kansas Court of Appeals is filed.

> "Subject to some limited exceptions, a district court must carry the mandate into execution and '"cannot vary it, or examine it for any other purpose than execution; nor give any other or future relief; nor review it upon any matter decided on appeal, for error apparent; not intermeddle with it, further than to settle so much as has been remanded."' *State v. Collier*, 263 Kan. 629, 636, 952 P.2d 1326 (1998) (quoting *Sibbald v. United States*, 37 U.S. [12 Pet.] 488, 492, 9 L. Ed. 1167 [1838])." *Einsel v. Einsel*, 304 Kan. 567, 584, 374 P.3d 612 (2016).

Once the mandate was issued, it became the law of the case and was final. See *State v. Collier*, 263 Kan. 629, 635, 952 P.2d 1326 (1998) ("mandate in a previous appeal was held to 'properly [become] a part of judgment controlling in the conduct of any further proceedings in the case [K.S.A. 60-2106(c)]'").

This court issued its mandate affirming the district court's denial of Hongphakdy's first K.S.A. 60-1507 motion on September 21, 2012. Clearly, the mandate cannot be modified by the district court with Hongphakdy's current request for his new motion to relate back. The district court lacks the authority. See *Einsel*, 304 Kan. at 584.

Further, while Hongphakdy raises a claim of ineffective assistance of counsel, the grounds he alleges are distinct from those in his original 60-1507 motion. A subsequent

claim of ineffective assistance of counsel does not relate back to a prior claim when the grounds alleged are wholly distinct. *Pabst v. State*, 287 Kan. 1, Syl. ¶ 7, 192 P.3d 630 (2008) ("An amendment to a motion for relief under K.S.A. 60-1507 that asserts a new ground for relief which is supported by facts that differ in both time and type from those grounds set forth in the original motion does not relate back to the date of the original motion."). Here, Hongphakdy's original 60-1507 motion alleged trial counsel was ineffective for failing to present a mistake of fact defense and object to certain jury instruction. His motion to relate back now primarily focuses on his allegations that counsel was ineffective in preparing for trial and investigating and examining witnesses. Therefore, his claims do not relate back to the same conduct, transaction, or occurrence set out in the original pleading. The district court did not abuse its discretion in finding it could not allow his current motion to relate back and reopen the original 60-1507 motion.

*We examine the merits of the current K.S.A. 60-1507 motion.*

The district court failed to consider Hongphakdy's claims on the merits but appeared to acknowledge the motion should have been filed as a new 60-1507 motion. In doing so, it incidentally discussed issues which might preclude consideration of Hongphakdy's claims—whether his motion was untimely or successive—when denying the request to relate the motion to the original 60-1507 motion. Hongphakdy correctly argues the district court should have liberally construed his pro se motion and treated it as a new 60-1507 motion. The State incorrectly asserts the district court considered his claim on the merits.

In *State v. Smith*, 22 Kan. App. 2d 922, 925, 924 P.2d 662 (1996), a panel of this court held:

"We can think of no good reason for concluding that the caption of a pleading should control over its content. This is particularly true in the case of a pro se pleading. Under

6

these circumstances, we have long held that substance must control over form. . . . To permit the substance of a pleading to be trumped by its caption is neither legally sound nor supportive of judicial economy. We have in the past indicated that the trial courts should consider certain pleadings as motions filed under 60-1507 regardless of the caption or even the relief sought by those motions."

With this understanding, we can find no reason why we are not in the same position as the district court to now consider Hongphakdy's pending 60-1507 motion as a new motion for relief under K.S.A. 60-1507. The facts of the record before us reflect this is a successive motion to the first one he filed in 2010 and that the last activity involving his case occurred when the mandate in case No. 105,784 was filed on September 21, 2012.

As we have been instructed many times, we will liberally construe Hongphakdy's pro se motion as a new 60-1507 motion. When liberally construed as a 60-1507 motion, this is his second 60-1507 motion. Pursuant to K.S.A. 2016 Supp. 60-1507(c), we are not required to entertain a successive motion unless exceptional circumstances justify considering it. See *State v. Trotter*, 296 Kan. 898, 899, 904, 295 P.3d 1039 (2013). Next, we note: "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Additionally, Kansas Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 223) provides:

"Successive Motions. A sentencing court may not consider a second or successive motion for relief by the same movant when:
"(1) the ground for relief was determined adversely to the movant on a prior motion;

7

"(2) the prior determination was on the merits; and

"(3) justice would not be served by reaching the merits of the subsequent motion."

Hongphakdy's motion is successive, and he has also failed to show any exceptional circumstances why his current claims against trial counsel could not have been raised in his first 60-1507 motion. An issue only briefly mentioned and not expanded upon is "akin to failing to brief an issue. Where the appellant fails to brief an issue, that issue is waived or abandoned." *State v. Angelo*, No. 114,721, ___ Kan. ___, Syl. ¶ 2, ___ P.3d ___, 2017 WL 1425345 (April 21, 2017).

Next, we consider the timeliness of Hongphakdy's pending 60-1507 motion pursuant to K.S.A. 2016 Supp. 60-1507(f)(1) which provides:

"(1) Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

The record reflects Hongphakdy's current 60-1507 motion was filed on June 6, 2016, and the last activity terminating his first 60-1507 motion occurred on September 21, 2012. Clearly, the delay between the two matters is greater than 1 year. K.S.A. 2016 Supp. 60-1507(f)(2) recognizes "[t]he time limitation herein may be extended by the court only to prevent a manifest injustice." Here, we find no argument by Hongphakdy claiming manifest injustice to support his untimely 60-1507 motion. Hongphakdy has failed to brief the issue, and that issue is waived and abandoned. *Angelo*, 2017 WL 1425345, Syl. ¶ 2. His current 60-1507 motion is time barred as a result of the limitations imposed by K.S.A. 2016 Supp. 60-1507(f)(1). We affirm the district court.

8

Affirmed.