NOT DESIGNATED FOR PUBLICATION

No. 119,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SUSAN POPANZ,
*Appellant*,

v.

HAROLD A. KRUEGER II, D.D.S.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed December 7, 2018. Affirmed.

*Dennis J. Cassidy*, of Hunter & Cassidy, L.L.C., of Kansas City, Missouri, for appellant.

*Richard T. Merker*, of Wallace Saunders, of Overland Park, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Susan Popanz appeals the district court's dismissal of her medical malpractice lawsuit against Harold A. Krueger II, D.D.S., as barred by the statute of limitations. For the reasons stated below, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Krueger is a licensed dentist practicing oral and maxillofacial surgery in Johnson County, Kansas. Since at least 2011, Krueger was Popanz' oral surgeon. From 2011 to 2014, Krueger extracted several teeth from Popanz on different occasions. Each

1

extraction occurred without incident. Then, in late 2014, Popanz sought Krueger's medical advice once again about further extractions. After consultation, Krueger advised Popanz that she was a candidate for three additional tooth extractions.

On January 21, 2015, Krueger performed the additional extractions. During this surgery, Popanz was placed under a general anesthetic. Complications resulted from this surgery, according to Popanz. While in the recovery room following surgery, Popanz claims that she suffered paralysis-like symptoms. Emergency services were called, and an ambulance transported Popanz to St. Luke's South Hospital, where she was admitted. According to Popanz, physicians later discovered that she had a crushed spinal column, and physicians repaired her spinal column. Popanz remained in inpatient and outpatient rehabilitation for an extended period of time.

On January 19, 2017, two days before the two-year anniversary of her dental surgery, Popanz filed a petition against Krueger in Johnson County District Court alleging medical negligence under case No. 17CV398. In the petition, Popanz alleged that Krueger crushed her spinal column during the surgery and that he failed to live up to the professional standards of dentistry. Popanz sought compensatory damages and costs.

From there, this case takes some unusual procedural twists and turns. On April 17, 2017, at 9:11 a.m., Popanz filed a notice of voluntary dismissal without prejudice. Later that same day, at 2:36 p.m., Popanz filed a notice to withdraw her voluntary dismissal that stated: "At this time, Plaintiff does not wish for this lawsuit to be dismissed without prejudice." Still that same day, Popanz filed a request with the clerk of the district court to serve Krueger with the original petition. Krueger was served on April 19, 2017. Then, on April 27, 2017, Popanz filed another notice of voluntary dismissal without prejudice, identical to the first notice that she filed on April 17, 2017.

Popanz refiled her petition against Krueger on October 20, 2017, under case No. 17CV5907. In this petition, Popanz set forth the same allegations she made in her initial case. Per Popanz' request, Krueger was served again on January 3, 2018.

On January 23, 2018, Krueger filed a motion to dismiss. In the motion, Krueger argued, among other things, that Popanz failed to timely commence the original case and failed to properly invoke the voluntary dismissal statute, resulting in an untimely filing of the second case. In her response memorandum, Popanz argued that she withdrew her first notice of voluntary dismissal, so her later notice of voluntary dismissal filed on April 27, 2017, disposed of the first case. As a result, she argued that her refiling of the case on October 20, 2017, was timely. In a reply memorandum, Krueger asserted that a notice of voluntary dismissal automatically terminates the case when filed.

On February 28, 2018, the district court ruled on the motion to dismiss from the bench and stated:

> "Here is what the Court's ruling is. I am telling you it doesn't feel good; it doesn't seem right, but the law says I believe very clearly this case has to be dismissed. Because the statute says once a notice of voluntary dismissal is filed, it is filed. You can't undo it."

Based on this finding, the district court implied, without expressly stating, that Popanz' first lawsuit against Krueger was never timely commenced, so her second lawsuit was not properly filed within six months under the saving statute. The district court filed a journal entry dismissing the case on March 15, 2018. Popanz timely appealed.

ANALYSIS

On appeal, Popanz claims the district court erred in granting Krueger's motion to dismiss based on the statute of limitations. Popanz asserts that she properly withdrew her notice of voluntary dismissal without prejudice, timely commenced her first lawsuit

3

against Krueger, and then timely refiled her second lawsuit against Krueger within six months under the saving statute at K.S.A. 60-518.

Krueger responds by arguing that Popanz' initial notice of voluntary dismissal on April 17, 2017, could not be withdrawn, so the first lawsuit was dismissed as soon as the dismissal notice was filed. As a result, Krueger argues that the first lawsuit was not timely commenced and was not properly refiled under K.S.A. 60-518. In the alternative, Krueger argues that because the first lawsuit was voluntarily dismissed on April 17, 2017, Popanz exceeded the six-month deadline to refile the case under K.S.A. 60-518 because the petition was not refiled until October 20, 2017.

Whether the district court erred by granting the motion to dismiss is a question of law subject to unlimited review. *Cohen v. Battaglia*, 296 Kan. 542, 545, 293 P.3d 752 (2013). Likewise, interpretation of the statutes involved in this dismissal is a question of law over which an appellate court exercises unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015).

We will begin our analysis by reviewing the applicable Kansas rules of civil procedure. Under K.S.A. 2017 Supp. 60-203(a)(1), a civil action is commenced upon filing a petition if service of process is obtained within 90 days after the petition is filed, except the court may extend that time an additional 30 days upon a showing of good cause. Assuming the process is served within the time parameters of the statute, the civil action is deemed commenced and relates back to the date the petition is filed. If service of process is not made within the time specified by the statute, a civil action is deemed commenced when service of process is completed. K.S.A. 2017 Supp. 60-203(a)(2).

Under K.S.A. 60-513(a)(7), a cause of action alleging medical negligence must be commenced within two years of the date of injury or the time the injury is reasonably ascertainable in order to satisfy the statute of limitations. Here, Popanz had two years

from January 21, 2015, to commence her action against Krueger because she had ascertained the fact of her injury on that date. See *Mangus v. Stump*, 45 Kan. App. 2d 987, 992, 260 P.3d 1210 (2011).

K.S.A. 2017 Supp. 60-241(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing: . . . A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." A notice of voluntary dismissal is effective upon filing, without a court order. "[W]hen a document seeking dismissal is filed within the time frame set out in K.S.A. 60-241(a)(1), it will operate as an automatic dismissal of the action upon filing." *Smith v. State*, 22 Kan. App. 2d 922, 926, 924 P.2d 662 (1996). And without a case, a district court is without jurisdiction to rule on matters regarding the dismissed case, except for sanctions over issues occurring before dismissal. See 22 Kan. App. 2d at 926; *Wells Fargo Bank v. Bowers*, No. 108,521, 2013 WL 3792885, at *4-6 (Kan. App. 2013) (unpublished opinion); *Ireland v. Byrne*, No. 101,739, 2010 WL 348287, at *4 (Kan. App. 2010) (unpublished opinion).

Finally, K.S.A. 60-518, known as the Kansas saving statute, states:

> "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

Under K.S.A. 60-518, if any action is commenced in due time, the plaintiff may dismiss the cause of action without prejudice after the statute of limitations has expired for any reason other than upon the merits, and the plaintiff may commence a new action within six months of the dismissal. If the plaintiff dismisses and refiles a case under this saving statute, the plaintiff needs to again obtain service of process on the defendant within the time parameters of K.S.A. 2017 Supp. 60-203(a).

5

With the Kansas rules of civil procedure in mind, we will set forth a timeline of events in this case:

| January 21, 2015 | Oral surgery |
| --- | --- |
| January 19, 2017 | Petition filed |
| April 17, 2017, at 9:11 a.m. | First notice of voluntary dismissal |
| April 17, 2017, at 2:36 p.m. | Notice to withdraw voluntary dismissal |
| April 19, 2017 | Service on Krueger |
| April 27, 2017 | Second notice of voluntary dismissal |
| October 20, 2017 | Petition refiled |
| January 3, 2018 | Service on Krueger |
| January 23, 2018 | Motion to dismiss |
| February 28, 2018 | Order of dismissal |

Working backward, the saving statute at K.S.A. 60-518 only permits an action to be dismissed and refiled within six months if the original action was commenced in due time. Here, Popanz' original action was never properly commenced, much less commenced in due time, because she voluntarily dismissed the first case before she obtained service on Krueger.

Under K.S.A. 2017 Supp. 60-241(a)(1)(A)(i), Popanz' original action was automatically dismissed without a court order upon her filing the notice of voluntary dismissal on April 17, 2017. See *Smith*, 22 Kan. App. 2d at 926. In *Smith*, an inmate filed a K.S.A. 60-1507 proceeding and later filed a motion for voluntary dismissal under K.S.A. 60-241(a)(1). Based on the language of the statute, this court held that a document which seeks the voluntary dismissal of a K.S.A. 60-1507 motion is effective to dismiss the action upon filing, even though it is labeled a "motion" to dismiss instead of a notice of dismissal. 22 Kan. App. 2d at 926. This court also held that all orders entered after the dismissal were made without jurisdiction and were void. 22 Kan. App. 2d at 926.

If a notice of voluntary dismissal is effective upon filing and all activity in the case thereafter is void, it follows that a notice of voluntary dismissal cannot be withdrawn by a party once it is filed. Here, Popanz could not withdraw her notice of voluntary dismissal because there was no longer any case pending in the court, and any action that occurred after the notice of voluntary dismissal was a nullity. So Krueger was never served in the original action and the case was never commenced under K.S.A. 2017 Supp. 60-203(a). Thus, the case could not be refiled within six months under K.S.A. 60-518 and still relate back to the date of the original petition for the purpose of the statute of limitations.

In her brief, Popanz supplies a series of instances when Kansas courts permit parties to withdraw a variety of motions, asking us to find the same result here. She also provides out-of-state authorities to support her proposition that notices of voluntary dismissal can be withdrawn based on the applicable statutes in those states. But this case is controlled by K.S.A. 2017 Supp. 60-241(a)(1)(A)(i), and under that statute a notice of voluntary dismissal is effective immediately upon filing without a court order. Thus, Popanz' first case was dismissed on April 17, 2017, before service was obtained upon Krueger. The fact that she later served Krueger with the original petition did not matter; the first lawsuit was never properly commenced. Popanz refiled the petition on October 20, 2017, and served Krueger on January 3, 2018. But without the benefit of the saving statute at K.S.A. 60-518, this second lawsuit was filed outside the applicable statute of limitations for a medical negligence claim at K.S.A. 60-513(a)(7).

In sum, the statute of limitations for Popanz' cause of action expired on January 21, 2017, because her civil action against Krueger was not commenced by that date. As a result, the district court did not err in granting Krueger's motion to dismiss.

Affirmed.