IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 REVA BELL, et al., )
 Appellants, )
 )
 v. ) WD83898
 )
 CURATORS OF THE ) FILED: April 6, 2021
 UNIVERSITY OF MISSOURI, et )
 al., )
 Respondents. )
 Appeal from the Circuit Court of Jackson County
 The Honorable Justine E. Del Muro, Judge
 Before Division One: Alok Ahuja, P.J.,
 and Gary D. Witt and Thomas N. Chapman, JJ.
 Reva Bell and Domonique Johnson (“Plaintiffs”) filed a petition for damages

in the Circuit Court of Jackson County against the Curators of the University of

Missouri and against Dr. Raol Taft, Dr. Rita Barger, and Dr. Chris Brown, who are

faculty members at the University of Missouri-Kansas City. (We refer to the

defendants collectively as the “University.”) Plaintiffs alleged that they enrolled in

a master’s degree program in the University of Missouri-Kansas City’s School of

Education. They contended that, after completing two years of study, the

University informed them that their program would take longer to complete than

they had originally expected, and that certain of the courses they had completed

would no longer count towards their degrees or teacher certification. Plaintiffs

alleged claims against the University for breach of contract, negligence, and under
Missouri and Kansas consumer protection laws.
 This is the third lawsuit the Plaintiffs have filed against the University

asserting similar claims. The first was filed in the Circuit Court of Jackson County,

and the second in the District Court of Johnson County, Kansas. Plaintiffs

voluntarily dismissed each of the prior lawsuits. The circuit court granted

summary judgment to the University in this case, on the basis that Plaintiffs’

voluntary dismissal of the Kansas lawsuit was treated as a judgment on the merits

under the “two-dismissal” rule recognized in Kansas law. The court accordingly

held that the present lawsuit was barred by res judicata or claim preclusion.

 Plaintiffs appeal. We affirm.

 Factual Background
 In the circuit court Plaintiffs did not contest the Statement of Undisputed

Material Facts submitted by the University in support of its motion for summary

judgment. Under Rule 74.04(c)(2), the facts alleged in the University’s Statement of

Undisputed Material Facts are accordingly deemed admitted for purposes of this

appeal.

 Plaintiffs initially filed a lawsuit against the University in the Circuit Court

of Jackson County on July 14, 2017, No. 1716-CV16648 (“Bell I”). Plaintiffs brought

claims against the University under the Missouri Merchandising Practices Act

(“MMPA”), ch. 407, RSMo, and for breach of contract and promissory estoppel.

Plaintiffs’ petition alleged that in 2015 they began a master’s degree program in

special education, which included teacher certification, at the University of

Missouri-Kansas City School of Education. Plaintiffs alleged that, after they had

completed nearly two years of study in the program, they were informed by the

University that they would need to complete twelve additional credit hours to earn

their degrees and certification, and that several of the courses Plaintiffs had already

completed would not count toward completion of their programs. Plaintiffs alleged
that the modified program requirements were based on changed education

 2
standards adopted by the Missouri Department of Education in 2012 – before the

Plaintiffs began their studies. Plaintiffs alleged that the University should have

informed them of the Department of Education’s updated requirements, and the

coursework needed to meet those updated requirements, before they made the

decision to enroll in the master’s degree program.

 On March 29, 2018, Plaintiffs voluntarily dismissed their claims in Bell I

under Rule 67.02(a), which permits a plaintiff to dismiss a civil action without order

of the court “[p]rior to the swearing of the jury panel for the voir dire examination,”

or “[i]n cases tried without a jury, prior to the introduction of evidence at the trial.”

Plaintiffs’ notice of voluntary dismissal specified that the dismissal was without

prejudice. In their opening Brief in this appeal, Plaintiffs state that they

“voluntarily dismissed their claims in Bell I so that the case could be re-filed

against Defendants in Kansas in order to avoid the application of Missouri

sovereign immunity law.”

 On October 5, 2018, Plaintiffs sued the University for the second time, in the

District Court of Johnson County, Kansas, No. 18CV05605 (“Bell II”). Bell II made

the same factual allegations as Bell I. Plaintiffs asserted claims under the Kansas

Consumer Protection Act, K.S.A. § 50-623 et seq. (“KCPA”) and the MMPA, as well
as common-law claims for negligence, breach of contract, and promissory estoppel.

 On May 9, 2019, the Kansas district court granted in part the University’s

motion to dismiss. In its ruling, the district court declined to dismiss Plaintiffs’

claims on sovereign immunity grounds. The court relied on Nevada v. Hall, 440

U.S. 410 (1979), to hold that Missouri’s sovereign immunity doctrine did not apply

in Kansas state courts.

 On May 23, 2019, Plaintiffs filed an amended petition in Bell II in response to

the district court’s dismissal ruling. In the meantime, on May 13, 2019, the
Supreme Court of the United States issued its decision in Franchise Tax Board of

 3
California v. Hyatt, 139 S. Ct. 1485 (2019). Hyatt overruled Nevada v. Hall, and

held that “States retain their sovereign immunity from private suits brought in the

courts of other States.” Id. at 1492.

 On June 14, 2019, the University filed a motion to dismiss Plaintiffs’

amended petition in Bell II, in light of the Supreme Court’s Hyatt decision. In

addition, on July 10, 2019, the University moved to dismiss for lack of personal

jurisdiction.

 While the Bell II litigation was pending in the Kansas district court,

Plaintiffs filed the present action against the University in the Circuit Court of

Jackson County on August 2, 2019, No. 1916-CV21485 (“Bell III”). Bell III relied on

the same factual allegations as Bell I and Bell II, and asserted claims against

Defendants under the KCPA and MMPA, as well as claims for negligence and

breach of contract.

 After filing Bell III, Plaintiffs filed a “Notice of Dismissal” in Bell II on

August 8, 2019. The Notice of Dismissal stated:

 NOW COMES, Plaintiffs, Reva Bell and Domonique Johnson, to
 give notice of voluntary dismissal of this action pursuant to K.S.A.
 § 60-241. Plaintiffs state that Defendants have not filed an answer or
 served a motion for summary judgment in this matter. Consequently,
 Plaintiffs give notice of dismissal under K.S.A. § 60-241(a)(1).
 On August 27, 2019, defense counsel sent the following e-mail to the judge’s

administrative assistant in the Kansas action:

 I wanted to advise the Court that the plaintiffs have filed a notice of
 dismissal of the above-referenced action, which the parties believe is
 effective to dismiss the case under K.S.A. § [60-]241(a), since the
 defendants have not yet answered or moved for summary judgment.
 (The plaintiffs have subsequently refiled their claims in Jackson
 County, Missouri Circuit Court.)
 In light of this, we believe the case can be removed from the trial
 docket and the defendants’ pending motions to dismiss are moot.

 4
The case status of Bell II was changed from “PENDING” to “TERMINATED

(DISMISSED)” on the court’s docket on the same day. Also on August 27, the

Kansas judge’s administrative assistant requested that counsel draft and file “an

Order of Dismissal” in Bell II.

 Plaintiffs’ counsel drafted a proposed order, and sent it to the University’s

counsel for review. The draft order was attached to an e-mail in which Plaintiffs’

counsel stated that, “I don’t think dismissal even requires an order in this

circumstance, but I plan to file the following. Can you let me know if you object?”

The University’s counsel responded: “I agree with you. [¶] I’m fine with the order;

no objection. Thanks for handling this.”

 The Kansas district court entered the Order of Dismissal drafted by

Plaintiffs’ counsel in Bell II on September 9, 2019. The Order states:

 Under K.S.A. § 60-241(a)(i), a plaintiff may dismiss an action
 without court order by filing a notice of dismissal before an opposing
 party has served an answer or motion for summary judgment. The
 Court finds that Defendants have not filed an answer or served a
 motion for summary judgment in this matter. Because the notice did
 not state otherwise, the dismissal is without prejudice with each party
 to pay its own costs and attorneys’ fees.
 IT IS THEREFORE BY THE COURT ORDERED that the
 Defendants are hereby dismissed pursuant to K.S.A. § 60-241, without
 prejudice, at each party’s own cost and attorneys’ fees, and that this
 matter is hereby dismissed.
 The University filed its answer to Plaintiffs’ petition in Bell III on January

16, 2020. In its answer, the University asserted res judicata (or “claim preclusion”)

as an affirmative defense. The University’s Answer alleged that “[t]he present

action is the third action filed by Plaintiffs against Defendants,” and that Plaintiffs

had voluntarily dismissed both Bell I and Bell II. The University alleged that the

dismissal of Bell II “‘operates as an adjudication on the merits’ under Kan. Stat.
Ann. § 60-241(a)(1)(B),” and therefore barred Bell III.

 5
 On February 14, 2020, the University filed a motion for summary judgment

in Bell III, arguing that Plaintiffs were precluded from proceeding in Bell III

because of their voluntary dismissal of Bell II. The circuit court granted the motion,

and Plaintiffs appeal.

 Standard of Review
 Appellate review of the grant of summary judgment is
 essentially de novo. “The criteria on appeal for testing the propriety of
 summary judgment are no different from those which should be
 employed by the [circuit] court to determine the propriety of sustaining
 the motion initially.” This Court reviews the record in the light most
 favorable to the party against whom judgment was entered.
 “Summary judgment is appropriate when the moving party has
 [established], on the basis of facts as to which there is no genuine
 dispute, a right to judgment as a matter of law.”
Newton v. Mercy Clinic E. Cmtys., 596 S.W.3d 625, 628 (Mo. 2020) (citations

omitted). A defendant moving for summary judgment is entitled to judgment as a

matter of law by showing, in relevant part, “facts necessary to support [a] properly

pleaded affirmative defense.” Love v. Waring, 560 S.W.3d 614, 619 (Mo. App. W.D.

2018) (citation and internal quotation marks omitted).

 “Where, as here, the [circuit] court does not specify the reasons for its grant

of summary judgment, we presume summary judgment was granted on the grounds

specified in the moving party’s motion.” Phillips v. Drury S.W., Inc., 524 S.W.3d
228, 230 (Mo. App. E.D. 2017) (citation omitted).

 Discussion
 Plaintiffs assert two Points on appeal. First, they argue that the circuit court

erroneously granted summary judgment on the basis of claim preclusion, since it

disregarded the Kansas district court’s order stating that the dismissal of Bell II

was “without prejudice.” In their second Point, Plaintiffs argue that the circuit

court erroneously concluded that Missouri law recognizes a “two dismissal” rule.
Point I is dispositive, and mandates affirmance.

 6
 In their first Point, Plaintiffs argue that the circuit court erred in granting

summary judgment, because by doing so the circuit court failed to give effect to the

Kansas district court’s Order of Dismissal in Bell II, which specified that dismissal

was “without prejudice.” Under Kansas law, however, Plaintiffs’ Notice of

Dismissal in Bell II was immediately effective without order of the court, and the

Kansas district court lost jurisdiction to take any further action in Bell II after

Plaintiffs’ Notice of Dismissal was filed. The circuit court in this case properly gave

Plaintiffs’ Notice of Dismissal the same preclusive effect it would be given by a

Kansas state court.

 The question in this appeal concerns the preclusive effect to be given to the

disposition of earlier litigation prosecuted in state court in Kansas. Our analysis is

accordingly governed by Kansas law. “The preclusive effect of a judgment is

generally determined by laws of the jurisdiction in which the judgment was

rendered.” State ex rel. Greitens v. Am. Tobacco Co., 509 S.W.3d 726, 734 (Mo.

2017) (citing Strobehn v. Mason, 397 S.W.3d 487, 494 (Mo. App. W.D. 2013) (in turn

citing RESTATEMENT (2d) OF CONFLICT OF LAWS § 95 (1971)); accord Topchian v.

JPMorgan Chase Bank, N.A., 539 S.W.3d 879, 889 (Mo. App. W.D. 2017). “[T]o

determine the scope of res judicata [or claim preclusion] in a particular jurisdiction,
it is essential to consult the relevant statutes and rules of court in that jurisdiction.”

Andes v. Paden, Welch, Martin & Albano, P.C., 897 S.W.2d 19, 22 (Mo. App. W.D.

1995) (citation and internal quotation marks omitted).

 The Kansas Supreme Court has explained that “[t]he doctrine of res judicata

is a common-law rule of equity grounded in both notions of justice and in sound

public policy, each of which demands that a party not be vexed with litigation twice

on the same cause.” Cain v. Jacox, 354 P.3d 1196, 1197 syl. ¶ 2 (Kan. 2015).

“Before the doctrine of res judicata will bar a successive suit, the following four
elements must be met: (a) the same claim; (b) the same parties; (c) claims that were

 7
or could have been raised; and (d) a final judgment on the merits.’” Id.; see also In

re Application of Fleet for Relief from a Tax Grievance in Shawnee Cnty., 272 P.3d

583, 584 syl. ¶ 2 (Kan. 2012).

 The only issue in dispute in this case is whether the disposition of Bell II

constituted “a final judgment on the merits.” Under the Kansas statute governing

voluntary dismissals, Plaintiffs’ Notice of Dismissal of Bell II is considered a merits

disposition, entitled to preclusive effect in later litigation. Kansas Statutes

Annotated § 60-241(a) establishes procedures for a plaintiff’s voluntary dismissal of

a civil action in Kansas state courts. Kansas Statutes Annotated § 60-

241(a)(1)(A)(i) specifies that, with exceptions not relevant here, a plaintiff may

voluntarily dismiss a civil action without court order “before the opposing party

serves either an answer or a motion for summary judgment.” The statute then

specifies:

 (B) Effect. Unless the notice or stipulation states otherwise,
 the dismissal is without prejudice. But if the plaintiff previously
 dismissed any federal- or state-court action based on or
 including the same claim, a notice of dismissal operates as an
 adjudication on the merits.
K.S.A. § 60-241(a)(1)(B) (emphasis added).

 The Kansas Court of Appeals has held that a plaintiff’s notice of voluntary
dismissal is effective immediately upon filing, without any action by the court, and

that the court loses the authority to take any further action in a case after a notice

of voluntary dismissal is filed. In Smith v. State, 924 P.2d 662 (Kan. App. 1996),

the Kansas Court of Appeals held that a voluntary dismissal under K.S.A. § 60-

241(a)(1) “operate[s] as an automatic dismissal of the action upon filing,” and that a

subsequent order entered by the district court “was made without jurisdiction and is

void.” Id. at 665.

 8
 Plaintiffs argue that Smith is inapplicable here, because the Court stated

that “[w]e intend that the application of this rule should have principal application

in cases involving pro se proceedings under K.S.A. 60-1507[, seeking post-conviction

relief following a criminal conviction].” Id. at 665. But Smith expressed this

limitation solely with respect to its holding that a pro se pleading filed in the

district court should be given a liberal construction. The district court in Smith had

refused to give dispositive effect to a petitioner’s voluntary dismissal of his post-

conviction relief action “because it was not labeled ‘Notice to Dismiss’ but was

captioned ‘Motion to Dismiss.’” Id. at 663-64. The Court of Appeals explained at

some length why, in the context of a pro se post-conviction relief proceeding,

dispositive weight should not be given to the label which the petitioner had placed

on his dismissal notice:

 We can think of no good reason for concluding that the caption of a
 pleading should control over its content. This is particularly true in
 the case of a pro se pleading. Under these circumstances, we have long
 held that substance must control over form. In reading petitioner's
 “Motion to Dismiss,” there is no doubt that petitioner wants to dismiss
 his motions filed under K.S.A. 60-1507. The document was filed within
 the time frame in which ex parte dismissal is permitted under 60-
 241(a)(1), and such dismissal is automatic. To permit the substance of
 a pleading to be trumped by its caption is neither legally sound nor
 supportive of judicial economy. We have in the past indicated that the
 trial courts should consider certain pleadings as motions filed under
 60-1507 regardless of the caption or even the relief sought by those
 motions. These decisions recognize that something more than a strict
 adherence to form is occasionally necessary in the interests of justice
 and judicial economy. It is clear to us that in this case a great deal of
 confusion, not to mention time, could have been avoided by recognizing
 the substance of petitioner's motion to dismiss and by dismissing the
 action and allowing him to start the process anew. The rule we
 announce in this case is designed to give preference to substance over
 form in dealing with pro se motions under K.S.A. 60-1507.
Id. at 664-65.

 While Smith may have intended that its liberal reading of a petitioner’s
pleadings would apply only in pro se post-conviction relief proceedings, nothing in

 9
Smith suggests that the Court intended to similarly limit its separate holding that a

notice of voluntary dismissal under K.S.A. § 60-241(a)(1)(A)(i) is immediately

effective. In later cases, the Kansas Court of Appeals has applied Smith’s holding

that a notice of voluntary dismissal is immediately effective, and that the district

court lacks authority to take further action following such a voluntary dismissal, in

cases outside the context of pro se post-conviction relief proceedings. See Popanz v.

Krueger, No. 119,222, 2018 WL 6426404, at *3 (Kan. App. Dec. 7, 2018) (medical

malpractice lawsuit); Wells Fargo Bank v. Bowers, No. 108,521, 2013 WL 3792885,

at *4-*6 (Kan. App. July 13, 2013) (foreclosure action); Ireland v. Byrne, No.

101,739, 2010 WL 348287, at *3 (Kan. App. Jan. 22, 2010) (tort action). 1

 The fact that Smith’s reading of K.S.A. § 60-241(a)(1) is not limited to pro se

post-conviction relief proceedings is confirmed by caselaw interpreting the

corresponding federal rule. Smith recognized that “K.S.A. 60-241(a)(1) is identical

to Rule 41(a) of the Federal Rules of Civil Procedure,” and that Kansas courts “have,

in the past, relied upon the federal court's interpretation of Rule 41(a) to guide us in

interpreting K.S.A. 60-241(a)(1).” 924 P.2d at 664 (citations omitted). An earlier

decision of the Kansas Court of Appeals stated that the federal courts’

interpretation of Federal Rule of Civil Procedure 41(a) was “uniquely persuasive” in
interpreting K.S.A. § 60-241(a)(1). Sumner v. Law Offices of Jerry L. Berg, P.A., 890

P.2d 742, 743 (Kan. App. 1995); see also Gideon v. Bo-Mar Homes, Inc., 469 P.2d

272, 276 (Kan. 1970) (K.S.A. § 60-241 “was tailored from and is substantially the

same as Federal Rule No. 41 . . . . Because of that relationship, decisions applying

 1 Kansas Supreme Court Rule 7.04(g)(2)(B) permits the citation of unpublished
dispositions if they “ha[ve] persuasive value with respect to a material issue not addressed
in a published opinion of a Kansas appellate court,” and “would assist the court in
disposition of the issue.” Given that no published Kansas decision addresses whether
Smith is strictly limited to pro se post-conviction relief proceedings, citation of these
unpublished opinions is appropriate.

 10
and interpreting the federal rule are persuasive and would appear to have more

than usual weight as authority.”).

 Like the Kansas Court of Appeals’ decision in Smith, federal decisions

uniformly hold that a notice of voluntary dismissal, which is filed at a time when no

court order is required, is effective upon filing, and that any action taken by the

trial court following the filing of the notice of dismissal is without legal effect. See,

e.g., Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 291 (5th Cir. 2016); Nelson

v. Napolitano, 657 F.3d 586, 587-88 (7th Cir. 2011); Jones, Blechman, Woltz & Kelly,

PC v. Babekaeva, 375 Fed. App’x 349, 350 (4th Cir. 2010); In re Bath & Kitchen

Fixtures Antitrust Litig., 535 F.3d 161, 165-66 (3d Cir. 2008); Janssen v. Harris, 321

F.3d 998, 1000, 1001 (10th Cir. 2003) (collecting cases); Comm. Space Mgmt. Co. v.

Boeing Co., 193 F.3d 1074, 1077-78, n.4 (9th Cir. 1999) (collecting cases); Alix v.

McKinsey & Co., 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020).2

 The Kansas Court of Appeals’ decision in Smith, and the “uniquely

persuasive” caselaw interpreting the federal analog to K.S.A. § 60-241, establish

that the Plaintiffs’ filing of their Notice of Dismissal in Bell II was effective

immediately upon its filing.

 Notably, in their Point Relied On, Plaintiffs themselves acknowledge that a
court order was not required to make their dismissal of Bell II effective; and in their

argument, they acknowledge that “the August 8, 2019 Notice filed with the court

 2 Missouri recognizes the same rule. See, e.g., Bearden v. Mo. Valley College,
593 S.W.3d 138 (Mo. App. W.D. 2020):
 “[A] voluntary dismissal is effective on the date it is filed with the court.”
 “The circuit court may take no further steps as to the dismissed action, and
 any step attempted is viewed a nullity.” “[T]he circuit court ‘loses jurisdiction
 to enter any subsequent orders regarding the dismissed action[, and n]o
 appeal can be taken from the dismissal.’” “In addition, the trial court has no
 power to reinstate the case, even the next day upon a plaintiff's motion.”
Id. at 142 (emphasis omitted; quoting Hague v. Trs of Highlands of Chesterfield, 431 S.W.3d
504, 508 (Mo. App. W.D. 2014)).

 11
could have operated to dismiss the case without a court order under the Kansas

rule.” Indeed, in an e-mail to the University’s counsel after the filing of their Notice

of Dismissal, Plaintiffs’ counsel acknowledged that no action by the court was

required to make the dismissal effective. Plaintiffs nevertheless argue that the

dispositive effect which their notice of voluntary dismissal would normally have was

nullified, because the district court chose to enter a later dismissal order. The

Plaintiffs’ argument is inconsistent with Smith, and with the caselaw interpreting

the corresponding federal rule. Those decisions plainly hold that a notice of

dismissal like the one Plaintiffs filed is immediately effective to dismiss an action,

and that a trial court has no authority to thereafter take any action in the case.

 Plaintiffs also argue that the circuit court’s decision amounts to an

impermissible “collateral attack” on the Kansas district court’s dismissal order,

which specified that the dismissal of Bell II was “without prejudice.” We disagree.

The circuit court in this case gave “full faith and credit” to the Notice of Dismissal

which the Plaintiffs filed in Bell II, by giving that Notice of Dismissal exactly the

same preclusive effect which a Kansas court would give it. We recognize that, by

giving appropriate legal effect to Plaintiffs’ Notice of Dismissal, the circuit court’s

decision essentially ignored the specification in the Kansas district court’s dismissal
order, that the dismissal was “without prejudice.” But we do not consider this to be

a “collateral attack” on the Kansas court’s order, but instead appropriate

recognition of the preclusive effect Kansas law gives to Plaintiffs’ Notice of

Dismissal.

 For the reasons discussed above, Plaintiffs’ Notice of Dismissal, rather than

the Kansas district court’s later dismissal order, is the document which actually

disposed of Bell II. Under K.S.A. § 60-241(a)(1)(B), that Notice of Dismissal is

considered a merits disposition, because it was the second time that Plaintiffs had
voluntarily dismissed the same claims. K.S.A. § 60-241(a)(1)(B) adopts a “two-

 12
dismissal rule”: “if the plaintiff previously dismissed any federal- or state-court

action based on or including the same claim, a notice of dismissal operates as an

adjudication on the merits.” Accordingly, Plaintiffs’ Notice of Dismissal of Bell II

constituted “a final judgment on the merits” which had the effect of barring

Plaintiffs’ prosecution of Bell III, under principles of res judicata or claim

preclusion.

 Point I is denied.

 In their second Point, Plaintiffs argue that the circuit court erred in

concluding that Missouri law recognizes a “two-dismissal” rule. As explained above,

however, the circuit court’s decision correctly applied the Kansas “two-dismissal”

rule. We need not decide whether Missouri recognizes a similar rule. Point II is

denied.

 Conclusion
 The circuit court correctly held that the University was entitled to summary

judgment under the doctrine of res judicata or claim preclusion, based on the

preclusive effect given to the Plaintiffs’ voluntary dismissal of Bell II under Kansas

law. The judgment of the circuit court is affirmed.

 Alok Ahuja, Judge
All concur.

 13