### Hershiser v. BOS Corp.
*[Cite as 6 AOA 40]*

*Case No. 3-89-13, 3-89-14*
*Crawford County, (3rd)*
*Decided August 22, 1990*

Neil A. McKown, Attorney at Law, McKown & McKown, 10 Mansfield Avenue, Shelby, Ohio 44875, for Appellant.

Paul E. Hoeffel, Attorney at Law, Kennedy, Purdy, Hoeffel & Gernert, Farmers Citizens Bank Building, Bucyrus, Ohio 44820, for Appellee, BOS Corporation.

William L. Peters, Attorney at Law, 1111 East Broad Street, Columbus, Ohio 43205, for Appellee, Buckeye Union Insurance.

SHAW, P.J.

Plaintiff-Appellant, Kim A. Hershiser, appeals from a judgment entered in the Court of Common Pleas of Crawford County dismissing his complaint pursuant to Civ. R. 41(A)(1) as an adjudication on the merits after plaintiff dismissed on two prior occasions.

On March 10, 1987, plaintiff filed a complaint in the Court of Common Pleas of Crawford County alleging personal injuries against defendant-appellee BOS, Inc., dba Mad Bull Lounge. On July 23, 1987 plaintiff filed a declaratory judgment action against BOS, Inc. and its insurer, defendant-appellee Buckeye Union Insurance Company (Buckeye) seeking determination of the issue of liability insurance coverage as it related to plaintiff's personal injury action.

Thereafter, on February 24, 1988 plaintiff, pursuant to Civ. R. 41(A)(1)(b), voluntarily dismissed by stipulation, executed by all counsel, his personal injury action without prejudice. On October 20, 1988 plaintiff voluntarily dismissed his declaratory judgment action by notice of dismissal pursuant to Civ. R. 41(A)(1)(a).

On February 6, 1989 plaintiff reinstated his personal injury action against BOS, Inc. together with his declaratory judgment action against BOS, Inc. and Buckeye. Both defendants then filed motions to dismiss asserting that the previous two dismissals brought the plaintiff within the "two dismissal" rule pursuant to Civ. R. 41(A) (1) (b) as " *** actions based on or including the same claim." The motions to dismiss were based in large part upon the fact that plaintiff had incorporated by reference the personal injury claim in the allegations of his complaint for declaratory judgment. The trial court found the motions well taken and dismissed both of the

plaintiff's new complaints. Plaintiff now appeals and asserts two assignments of error.

PLAINTIFF'S FIRST ASSIGNMENT OF ERROR IS:

"THE TRIAL COURT ERRED IN DISMISS-ING PLAINTIFF'S COMPLAINT FOR PER-SONAL INJURIES AND DECLARATORY JUDGMENT INASMUCH AS PLAINTIFF'S COMPLAINTS EMBRACE TWO SEPARATE AND DISTINCT ACTIONS AND CLAIMS."

Plaintiff contends that it was prejudicial error to dismiss his February 6, 1989 actions pursuant to Civ. R. 41(A)(1) as one complaint sought recovery for personal injuries against BOS, Inc. and the other sought a declaratory judgment against BOS, Inc. and Buckeye. Civ. R. 41(A)(1) provides, in part, as follows:

"*** [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

It is our view that these complaints constitute two separate, distinct claims against differing defendants. Although plaintiff clearly relies on the same factual foundation in these two complaints, in the personal injury complaint against BOS, Inc. the issue is clearly the existence and extent of the latter's liability for personal injuries. On the other hand, in the declaratory judgment action against BOS, Inc. and Buckeye the issues are clearly limited to the rights and duties of the parties under an insurance contract.

Appellees argue that by incorporating his personal injury complaint into the second declaratory judgment action plaintiff, in effect, filed his personal injury complaint for the third time. However, we find this argument to be unpersuasive. Rather, upon examination of the pleadings, it is our conclusion that the personal injury claim was incorporated into the declaratory judgment complaint merely to provide the necessary factual foundation for a proper determination of the

rights and duties of the respective parties under the insurance contract. Under these circumstances we do not believe the reference to the personal injury complaint in the declaratory judgment complaint is sufficient to invoke the "two dismissal" rule under Civ. R. 41(A)(1).

Therefore, the appellant's first assignment of error is well taken and sustained.

Appellant's second assignment of error is:

"THE TRIAL COURT ERRED IN CONCLUD-ING THAT A WRITTEN STIPULATION OF DISMISSAL IS TO BE CONSIDERED WITH THE SAME IMPACT TO FUTURE FILINGS BY THE PLAINTIFF AS PLAINTIFF'S UNI-LATERAL NOTICE OF DISMISSAL."

In light of our foregoing analysis in holding that the plaintiff has two separate distinct claims, it follows that which previous dismissal constituted, in themselves, separate actions. Subsequently, the issue presented here is what effect a dismissal by stipulation has on the "two dismissal" rule of Civ. R. 41.

The applicable rule is stated in *Graham v. Pavarini* (1983), 9 Ohio App. 3d 89, at 94:

"Civ. R. 41(A)(1)(a) acts to make dismissals with prejudice despite contrary language in the notice, only when they are effected by a plaintiff's written notice without any participation or order of the opposing party or the court."

Also, the United States Court of Appeals, Second Circuit, has had an opportunity to interpret Fed. R. Civ. P. 41 which is substantially identical to Ohio Civ. R. 41. In *Polaron Prod., Inc. v. Lybrand Ross Bros. and Montgomery* (1976), 534 F. 2d 1012, 1017, 1018 the court stated:

"Consequently, we hold that the filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties does not activate the `two dismissal' bar against bringing an action based on or including the same claim."

These cases clearly stand for the premise that in contrast to the unilateral nature of a notice of dismissal, a dismissal by stipulation does not operate to invoke the two dismissal rule of Civ. R. 41 as all counsel had an opportunity to participate in the action.

Here, the plaintiff dismissed his personal injury claim by stipulation, with all counsel participating, without prejudice on February 24, 1988 and dismissed his declaratory judgment claim on October 20, 1988 by notice. Under the authority cited above then, even if these actions

were "based on or including the same claim", the "two dismissal" rule would not bar the plaintiff from reinstituting his personal injury claim on February 6, 1989.

Accordingly, appellant's second assignment of error is well taken and sustained.

*Judgment reversed.*

MILLER and EVANS, J.J., concur.