(890 P.2d 742)

No. 71,103

DOUGLAS M. SUMNER d/b/a PHOENIX COMPUTER SERVICES, *Appellant*, v. LAW OFFICES OF JERRY L. BERG, P.A., *Appellee.*

—

Opinion filed February 24, 1995.

*Martin D. Geeding*, of Geeding Law Offices, of Wichita, for appellant.

No appearance by appellee.

Before ELLIOTT, P.J., ROYSE, J., and JOHN J. BUKATY, JR., District Judge, assigned.

BUKATY, J.: Plaintiff, Douglas M. Sumner d/b/a Phoenix Computer Services, appeals the trial court's dismissal with prejudice of this action. The sole issue presented is whether the trial court erred in dismissing the action pursuant to K.S.A. 60-241(a)(1). Sumner contends the "two dismissal rule" contained in that statute is not applicable to the facts here. We agree and accordingly reverse the trial court's dismissal.

The facts essential to the issue on appeal are not disputed. Plaintiff filed this action on January 19, 1993, for the recovery of money and replevin of certain computer software. Defendant filed an answer and counterclaim in March 1993. He denied owing the amount plaintiff claimed and requested judgment for money he claimed plaintiff owed him for legal services. On the first day of trial, defendant moved to dismiss based upon the two dismissal rule found in K.S.A. 60-241(a)(1). The trial court granted the motion. It found that the case had been filed twice before and dismissed and that the second dismissal operated as an adjudication

on the merits which barred the present action under the principles of res judicata.

There is no dispute that the present action is the third suit filed by plaintiff against defendant involving the same claims. The district court entered an order dismissing the first suit in December 1991 at plaintiff's request after defendant had filed and served an answer and third-party petition. It dismissed the second suit in December 1992 without prejudice upon joint motion of the parties.

Resolution of this appeal involves the application and interpretation of K.S.A. 60-241(a)(1). "Interpretation of a statute is a question of law." *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

In discerning the meaning or applicability of a statute, a fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs if that intent can be ascertained. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). Moreover, "[w]hen a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

K.S.A. 60-241(a)(1) states:

"Subject to the provisions of subsection (e) of K.S.A. 60-223 and of any statute of the state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the clerk of the court shall enter an order of dismissal as a matter of course. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

By its clear terms, K.S.A. 60-241(a)(1) applies only to voluntary dismissals entered without an order of the court. It provides that

such can occur in two ways. A plaintiff may file a notice of dismissal if defendant has not served an answer or summary judgment motion upon plaintiff, or a party may file a stipulation of dismissal signed by all parties who have appeared in the action. The last sentence of this statutory section specifies when such a dismissal under this section operates as an adjudication upon the merits. It only applies to a *notice* of dismissal as opposed to a stipulation for dismissal. Here, the journal entry of dismissal entered in the second case clearly reflects that the dismissal was by court order upon joint motion of the parties.

Although no Kansas case has dealt directly with the applicability of the two dismissal rule, K.S.A. 60-241(a)(1) is identical to Fed. R. Civ. Proc. 41(a), and federal case authority concerning the operation of this section is uniquely persuasive. *State v. Johnson,* 19 Kan. App. 2d 315, 318, 868 P.2d 555 (1994).

Federal cases interpreting Rule 41(a) have limited application of the two dismissal rule to situations where the plaintiff has voluntarily, by notice of dismissal, dismissed an action for the second time. See *Lake at Las Vegas Investors v. Pacific Malibu Dev.,* 933 F.2d 724 (9th Cir. 1991) (plaintiff had previously voluntarily dismissed, by notice of dismissal, two actions against defendant); *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.,* 826 F.2d 637, 640 (7th Cir. 1987) (two dismissal rule inapplicable where second dismissal was by court order).

Finally, other jurisdictions which have a similar two dismissal rule limit its application to notice of dismissal. See *New Jersey v. Strazzella,* 331 Md. 270, 281, 627 A.2d 1055 (1993) (lawsuit not barred where prior dismissals were by order of the court); *Hershiser v. BOS Corp.,* 69 Ohio App. 3d 186, 189, 590 N.E.2d 323 (1990) (dismissal by stipulation did not invoke two dismissal rule); *City of Raleigh v. College Campus Apartments, Inc.,* 94 N.C. App. 280, 282-83, 380 S.E.2d 163 (1989), *aff'd* 326 N.C. 360, 388 S.E.2d 768 (1990) (second voluntary dismissal operated as an adjudication on the merits where both of plaintiff's dismissals were obtained by plaintiff filing notice of dismissal and were not by stipulation or order of the court).

In light of our decision, we need not discuss the circumstances of the dismissal of the first case, nor must we address the issue

of whether the two dismissal rule is a jurisdictional matter or an affirmative defense of res judicata which is waived if not timely raised.

Reversed and remanded.