Appellant, Cheryl J. Stewart, appeals from a decision of the Franklin County Court of Common Pleas dismissing her employment discrimination action against appellees, Fifth Third Bank of Columbus, Inc., Roy Smoot, Julie Art and Patrick J. Fehring.
Appellant filed a complaint, on August 12, 1999, against appellees asserting causes of action for employment discrimination based upon race, retaliatory discharge and breach of contract, and seeking a declaratory judgment that any agreement restricting her ability to seek employment with a competitor is unenforceable. Appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on September 16, 1999, and attached a copy of a previous decision of the trial court transferring appellant's former case from Franklin County to Hamilton County. On October 5, 1999, appellant filed a memorandum contra appellees' motion to dismiss, and appellees filed a reply brief in support of the motion to dismiss on October 13, 1999. In a decision dated January 18, 2000, and filed on January 19, 2000, the trial court granted appellees' motion to dismiss, finding that the filing of appellant's complaint was barred by the two-dismissal rule of Civ.R. 41(A)(1). The trial court filed a judgment entry of dismissal on February 24, 2000, incorporating its prior decision dismissing appellant's complaint. Appellant filed a timely notice of appeal on March 3, 2000.
On appeal, appellant asserts one assignment of error:
 The Trial Court erred as a matter of Law in concluding that Plaintiff's complaint should be dismissed because she had previously dismissed the same claims against the same parties on two separate occasions.
Appellant, an African-American woman, began her employment with appellee Fifth Third Bank of Columbus, Inc., on September 12, 1988. During the course of her employment, appellant received several promotions, including serving as the banking center manager of the Broad Street branch, as collections manager and as compliance officer. Appellant was granted stock options with Fifth Third Bancorp, the parent corporation of appellee Fifth Third Bank of Columbus, Inc., and pursuant to accepting these stock options, appellant signed agreements on September 22, 1993, and August 31, 1994, which included non-compete clauses. Appellant applied for several job openings between 1994 and 1995, but she was not hired for any of these positions, despite being qualified according to appellant. After voicing concerns to her supervisors, appellees Smoot, Art and Fehring, appellant asserts that she was ostracized. Eventually, appellant resigned her position in March 1996, and contends that appellees' conduct towards her amounted to constructive discharge.
Fifth Third Bancorp filed a complaint against appellant in the Hamilton County Court of Common Pleas on July 1, 1996, asserting claims for money damages and seeking an injunction prohibiting appellant from working for any of its competitors for a period of one year, as provided in the stock option agreements signed by appellant. Appellant filed an answer and counterclaims on November 25, 1997, seeking a declaratory judgment finding that the non-compete agreements were unenforceable and asserting a claim for unfair competition, arguing that Fifth Third Bancorp only enforced the non-compete agreements against its non-white employees. The Hamilton County Court of Common Pleas subsequently granted summary judgment for Fifth Third Bancorp, finding that the non-compete agreement was valid but modifying it to prohibit appellant from soliciting Fifth Third's customers within a fifty-mile radius of Columbus for one year following the termination of her employment. Appellant then voluntarily dismissed her counterclaims without prejudice pursuant to Civ.R. 41(A)(1)(a) on August 17, 1999.
Appellant also filed a complaint in the Franklin County Court of Common Pleas on June 24, 1997, against the same appellees as in the present action and asserting identical causes of action. Appellees filed a motion to transfer or stay proceedings and an amended motion on April 1, 1998, asserting that the action should be transferred to Hamilton County in that the issues were identical to Fifth Third Bancorp's action against appellant then pending in the Hamilton County Court of Common Pleas. The Franklin County Court of Common Pleas granted appellees' motion to transfer on June 23, 1998, finding that the actions involved substantially the same parties and that, although the issues were not identical, a ruling in the Franklin County case would affect or interfere with the resolution of the Hamilton County case in that some of the claims in both cases are substantially similar. However, appellant then filed a notice of voluntary dismissal of her original Franklin County complaint, pursuant to Civ.R. 41(A)(1)(a), on August 13, 1998.
Apparently, appellant also filed an action in the United States District Court for the Southern District of Ohio on March 13, 1998, asserting claims under federal law, but the federal district court granted summary judgment for appellee, Fifth Third Bank of Columbus, Inc., because appellant's federal claims were not brought within the two-year statute of limitations.
As noted above, appellant filed the present action involving identical claims and parties as her first Franklin County action on August 12, 1999.
In appellant's assignment of error, she argues that the trial court erred as a matter of law by dismissing her complaint under the Civ.R. 41(A)(1) two-dismissal rule. We agree.
The trial court dismissed appellant's complaint under the two-dismissal rule of Civ.R. 41(A)(1), which provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." However, Civ.R. 41(A)(1) describes the effect of a second dismissal rather than providing a mechanism for dismissal of a third filing. Byler v. Hartville Auction,Inc. (Sept. 26, 1994), Stark App. No. 1994CA-00081, unreported. Thus, the procedural mechanism for asserting that a third filing of a complaint is barred under the two-dismissal rule of Civ.R. 41(A)(1) is to file a motion to dismiss under Civ.R. 12, or a motion for summary judgment under Civ.R. 56. Id.
Appellees filed their motion to dismiss pursuant to Civ.R. 12(B)(6). The standard for granting a Civ.R. 12(B)(6) motion was summarized by the Court of Appeals for Ross County, in Shockey v. Wilkinson (1994),96 Ohio App.3d 91, 93-94:
 In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064, citing O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 745-755. In construing a complaint upon a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all the factual allegations of the complaint and make all reasonable inferences in favor of the nonmoving party. York, supra, 60 Ohio St.3d at 144, 573 N.E.2d at 1064-1065. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint.
* * *
A court may consider matters outside the face of the complaint in ruling on a Civ.R. 12(B)(6) motion only if the court converts the motion into a summary judgment motion under Civ.R. 56. Estate of Sherman v. Millhon
(1995), 104 Ohio App.3d 614, 618. However, the court must notify the parties when it converts a motion to dismiss to a summary judgment motion. Id. Moreover, upon converting a motion to dismiss to a summary judgment motion, Civ.R. 12(B) provides that "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
This court reviews a trial court's disposition of a motion to dismiss for failure to state a claim, under Civ.R. 12(B)(6), as a question of law to be determined de novo and independently of the decision of the trial court. Aust v. Ohio State Dental Bd. (Mar. 21, 2000), Franklin App. No. 99AP-946, unreported, citing Bell v. Horton (1995), 107 Ohio App.3d 824,826.
Here, it is apparent that the trial court considered matters outside the face of appellant's complaint in granting appellees' motion to dismiss under the two-dismissal rule of Civ.R. 41(A)(1). Although appellees argue that the trial court could properly consider its own prior rulings as well as those of the Hamilton County Court of Common Pleas in disposing of the motion to dismiss, this court specifically rejected such an argument in Sherman. In Sherman, this court held that the trial court erred by considering its own prior decision as well as a prior decision of this court in ruling on the defendant's motion to dismiss. Sherman, at 618. In rejecting the argument that such prior decisions must be considered as the "law of the case," this court stated "[a]s the face of plaintiff's complaint does not refer to any prior court proceeding, the consideration of the prior judgments attached to Dr. McFarland's motion to dismiss clearly violated the standard of review under * * * Civ.R. 12(B)(6)." Id.
Because the trial court considered matters beyond the face of appellant's complaint, it in effect converted appellees' motion to dismiss to a motion for summary judgment. However, the trial court failed to provide the parties with notice of its conversion of the motion and it failed to provide them the opportunity to present Civ.R. 56 evidentiary materials. Thus, the trial court erred by converting appellees' motion to a motion for summary judgment.
Additionally, appellant argues that the trial court erred by concluding that she voluntarily dismissed the current action on two previous occasions and that both actions arose out of the same common nucleus of operative facts. Appellant asserts that Civ.R. 41(A)(1)'s two-dismissal rule is inapplicable because the Hamilton County action and the Franklin County actions involved different claims and different parties. Appellees, citing this court's opinion in Fouss v. Bank One Columbus (June 27, 1996), Franklin App. No. 96APE01-57, unreported, counter that the Hamilton County action and the Franklin County actions arise out of the same common nucleus of operative facts.
In Fouss, a bank brought a foreclosure action against a debtor to foreclose on collateral securing debts, and the debtor filed an answer and counterclaims against the bank asserting claims for slander, defamation and breach of the obligation of good faith and fair dealing. The debtor then voluntarily dismissed his counterclaims pursuant to Civ.R. 41(A)(1)(a). Subsequently, the debtor filed a complaint against the bank, asserting causes of action for breach of fiduciary duty, breach of the covenant of good faith, fraudulent inducement, duress, tortious interference with business rights, intentional interference with business rights, fraud and misrepresentation, conversion, intentional infliction of emotional distress, and various other causes of action related to the bank's foreclosure proceeding. The debtor again voluntarily dismissed his claims under Civ.R. 41(A)(1). The debtor filed a third action against the bank asserting similar causes of action to the previous complaint. The bank filed a motion to dismiss asserting the two-dismissal rule of Civ.R. 41(A)(1), and the trial court granted the motion. On appeal, this court affirmed the dismissal under Civ.R. 41(A)(1). This court held that:
 * * * [All three actions] arise out of the same nucleus of operative facts: appellee's collection of appellant's loans and the foreclosure and disposition of the collateral. In each of the three cases, appellant sought damages for the manner in which appellee dealt with him regarding its attempt to collect on his defaulted debt and the manner in which it foreclosed on the collateral. While each complaint sought to recover damages on different theories, grounds and causes of action, each complaint was based on the same occurrence or transaction. As stated in Grava [v. Parkman Twp. (1995), 73 Ohio St.3d 379], simply because various legal theories apply to a single episode does not create multiple transactions and, hence, multiple claims. * * *
Additionally, this court, citing State ex rel. Ohio Service Co. v.Mahoning Valley Sanitary Dist. (1959), 169 Ohio St. 31, noted that, for the Civ.R. 41(A) bar to apply, the complaints need not raise identical claims but that the allegations merely must be based on the same claims.
While the procedural posture of Fouss may be similar to the case at bar, Fouss is factually distinguishable. Unlike Fouss, where all three actions involved the same parties and arose out of the bank's foreclosure action against the debtor, here, appellant's claims involved different parties and arose out of an entirely different nucleus of operative fact. Her counterclaims in the Hamilton County action challenged the enforceability of the non-compete provisions of the stock option agreements and asserted that Fifth Third Bancorp's alleged discriminatory enforcement of these provisions amounted to unfair competition. Thus, the nucleus of operative fact in the Hamilton County action was the execution and enforcement of the non-compete contract provisions between appellant and the parent corporation of her employer. However, her subsequent Franklin County actions involved her employer and supervisors' alleged employment discrimination and retaliatory discharge based on appellant not being hired for positions for which she applied and for which she asserts she was qualified.
The only claim common to all three actions was appellant's challenge to the enforceability of the non-compete provisions in the stock option agreements and, as such, this claim only would be barred by the two-dismissal rule of Civ.R. 41(A)(1). However, as stated above, the trial court did not properly convert the motion to dismiss to a summary judgment motion, so its dismissal of any of appellant's claims was improper.
The Court of Appeals for Crawford County reached a similar conclusion in Hershiser v. BOS Corp. (1990), 69 Ohio App.3d 186 . In Hershiser, the plaintiff first brought a personal injury action against a tortfeasor and then brought a declaratory judgment action against the tortfeasor and its insurer seeking a declaration as to the liability insurance coverage of the tortfeasor as it related to the personal injury action. Id. at 187. The plaintiff then voluntarily dismissed both complaints. Id. Subsequently, the plaintiff reinstated the personal injury action against the tortfeasor and the declaratory judgment action against the tortfeasor and its insurer. Id. Upon the defendants' motions, the trial court dismissed both new complaints under the two-dismissal rule of Civ.R. 41(A)(1). Id. On appeal, the court found that the two-dismissal rule did not apply even though the plaintiff had incorporated the personal injury complaint by reference in the declaratory judgment action. Id. at 188. The court indicated that:
 It is our view that these complaints constitute two separate, distinct claims against differing defendants. Although plaintiff clearly relies on the same factual foundation in these two complaints, in the personal injury complaint against BOS, Inc. the issue is clearly the existence and extent of the latter's liability for personal injuries. On the other hand, in the declaratory judgment action against BOS, Inc. and Buckeye [Union Insurance Company] the issues are clearly limited to the rights and duties of the parties under an insurance contract.
Id. Here, like the plaintiff in Hershiser, appellant asserted legally distinct claims in the separate actions: contract claims against Fifth Third Bancorp and then employment discrimination claims against appellees.
Therefore, we conclude that the trial court erred by granting appellees' motion to dismiss pursuant to the two-dismissal rule of Civ.R. 41(A)(1). Consequently, appellant's single assignment of error is sustained.
For the foregoing reasons, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
TYACK, J., concurs.
BRYANT, P.J., concurs in part and dissents in part.