Lin v. Shanghai City Corp.

# In the
# United States Court of Appeals
## for the
# Second Circuit

August Term, 2019

(Argued:   November 4, 2019          Decided:      February 11, 2020)

Docket No. 18-3580-cv

_____

JIAN YANG LIN, HUI QUI CHEN, AND XIN HE,

*Plaintiffs-Appellants*,

v.

SHANGHAI CITY CORP D/B/A JOE'S SHANGHAI, SHANGHAI DUPLICATE CORP. D/B/A
JOE'S SHANGHAI, KIU SANG SI A/K/A JOSEPH SI, TUN YEE LAM A/K/A PETER LAM,
WILLIAM KO, YUN CAI, AND JOHN ZHANG,

*Defendants-Appellees*,

SOLOMON C. LIU, MIMI SI, LILLIAN LIOU, AND CHENG KUENG LIU,

*Defendants*.\*

Appeal from the United States District Court
for the Southern District of New York (Caproni, *J.*)
No. 18-cv-1715

_____

\* The Clerk of Court is respectfully requested to amend the caption as stated above.

Before:

SACK, HALL, *Circuit Judges*, and Rakoff,† *District Judge*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*) granting summary judgment to Defendants. We hold that Plaintiffs had reason to recognize the motion could be converted into one for summary judgment and that the District Court appropriately applied Federal Rule of Civil Procedure 41(a)(1)(B), dismissing the complaint based on Plaintiffs' two prior voluntary dismissals in New York State court and in the Eastern District of New York. AFFIRMED.

AARON B. SCHWEITZER, C. Douglass Thomas, John Troy (on the brief)
Troy Law, PLLC, Flushing, NY
*for Plaintiff-Appellant*.

DAVID B. HOROWITZ, Fong & Wong, P.C., New York, NY, *for Defendant-Appellee*.

PER CURIAM:

Plaintiffs-Appellants, three kitchen workers formerly employed at three New York City restaurants operating under the name Joe's Shanghai contend that Defendants' wage-and-hour practices and policies violated the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), the New York General Business Law (NYGBL), and 26 U.S.C. § 7434. The District Court treated Defendants-Appellees' opposition to Plaintiffs-Appellants' motion for conditional collective certification as a cross-motion for summary

---

† Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

judgment as to Plaintiffs-Appellants Lin, Chen, and He, and as a motion to dismiss without prejudice as to putative opt-in plaintiffs Mendez, Flores, and Guerrero. The District Court granted summary judgment for Defendants-Appellees against Lin, Chen, and He, holding that Plaintiffs-Appellants' lawsuit was barred by Federal Rule of Civil Procedure 41(a)(1)(B) (the "two dismissal rule") and dismissed without prejudice as to Mendez, Flores, and Guerrero. Because the District Court properly considered the motion as one for summary judgment and because the two prior actions Plaintiffs-Appellants had filed against Defendants-Appellees were "based on or includ[ed] the same claim," FRCP 41(a)(1)(B), we affirm.

Over the last three years, Plaintiffs-Appellants have initiated three lawsuits against Defendants-Appellees and participated in another. The litigation began in October 2016, when two former Joe's Shanghai employees brought a collective action in the Eastern District of New York (the EDNY I Action) against a group of corporate and individual defendants which included many of the defendants named here. *See Jin v. Shanghai Original, Inc.*, No. 16-cv-5633 (E.D.N.Y.). The plaintiffs in the EDNY I Action alleged that the defendants' wage and hour practices violated the FLSA and the NYLL. In August 2017, all three Plaintiffs-Appellants in this case – Lin, Chen, and He – filed notices of consent to join the putative EDNY I Action. The EDNY I court granted conditional class certification to employees of the Joe's Shanghai restaurants in Flushing and Midtown but denied certification to employees of the Chinatown location while also

3

denying the EDNY I plaintiffs' motion for leave to amend their complaint to add Lin, Chen, and He as named co-plaintiffs.

Shortly thereafter, Lin, Chen, and He filed suit in the New York Supreme Court for New York County (the NYS Action). Their state court complaint asserted claims for an assortment of NYLL and NYGBL violations and made factual allegations substantially similar to those made in the present action. The complaint named the same defendants named here. On February 9, 2018, Plaintiffs-Appellants voluntarily dismissed the entire action with prejudice.[1]

That same day, Plaintiffs-Appellants filed a new action in the Eastern District of New York (the EDNY II Action), again alleging the same NYLL and NYGBL violations against the same defendants based on the same set of factual allegations. Plaintiffs-Appellants also added two FLSA causes of action and a claim under 26 U.S.C. § 7434, the same causes of action pursued in the court below. Plaintiffs-Appellants dismissed that action just days after filing it because, among other reasons, "they realized venue would be improper in the Eastern District[.]" Plaintiffs-Appellants' Br. at 10.

Finally, Plaintiffs-Appellants filed the instant action on February 25, 2018, a few days after dismissing the EDNY II Action. The complaints are virtually identical. This

---

[1] Plaintiffs-Appellants now argue that they did not intend to discontinue the NYS Action with prejudice. Even assuming *arguendo* that the dismissal of the NYS Action was without prejudice, the future preclusive effect of such a dismissal is irrelevant for the application of Federal Rule of Civil Procedure 41(a)(1)(B).

4

action is based on the same operative facts and names the same defendants (Appellees here) as did the NYS and EDNY II Actions and also includes the same legal claims as asserted in the EDNY II Action.

On June 14, 2018, Plaintiffs-Appellants once again moved to voluntarily dismiss the complaint, this time only as to certain defendants who were defendants in the EDNY I Action, which was still ongoing. In response, the next day, Defendants-Appellees filed a letter with the court requesting that the complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41. On June 19, the District Court entered a memo endorsement dismissing the four defendants as Plaintiffs-Appellants had requested but ordering the parties to brief "whether such dismissals should be with or without prejudice" as part of the anticipated motion for conditional certification. A91-92.

Plaintiffs-Appellants filed a motion for conditional collective certification on June 28, 2018, and argued in their supporting memorandum of law that the NYS Action and the EDNY II Action "[did] not advance the same claims." Defendants-Appellees filed a memorandum of law in opposition to the motion, arguing that the entire action should be dismissed with prejudice under FRCP 41(a)(1)(B). In their reply memorandum of law supporting certification, Plaintiffs-Appellants also argued that the inclusion of the putative opt-in plaintiffs made the NYS and EDNY II Actions sufficiently different so as not to fall within a "strict construction" of Rule 41. A436-38.

5

On October 26, 2018, while considering the motion for class certification, the District Court entered an order informing the parties that it intended to treat Defendants-Appellees' opposition to Plaintiffs-Appellants' motion for conditional certification as a cross-motion for summary judgment as to Lin, Chen, and He, and a motion to dismiss without prejudice as to putative opt-in plaintiffs Mendez, Flores, and Guerrero. The District Court invited the parties to submit any additional information pertinent to the motion; neither party took advantage of the offer. Seven days later, the District Court filed its opinion and order granting summary judgment to Defendants-Appellees on all claims asserted by Lin, Chen, and He, and dismissing without prejudice the claims made by Guerrero, Flores, and Mendez.

I.

"District courts have the discretion to grant summary judgment sua sponte, even without notice in certain circumstances." *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Intern. Corp.*, 401 F.3d 28, 33 (2d Cir. 2005); *see also* FRCP 56(f)(1) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant."). When doing so, however, they must take care "to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Ramsey v. Coughlin*, 94 F.3d 71, 73-74 (2d Cir. 1996) (quotation marks and citation omitted).

6

"The essential inquiry when such a conversion is challenged […] is not whether formal notice was served, but whether, based on the facts and circumstances of the particular case, the opposing party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Villante v. Dep't of Corr.*, 786 F.2d 516, 521 (2d Cir. 1986) (internal quotation omitted). We review the District Court's grant of summary judgment de novo. *E.g.*, *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019).

Here, Plaintiffs-Appellants had ample opportunity to argue that Rule 41(a)(1)(B) should not apply in this case. They were on notice of the Rule 41 issue when Appellees filed their letter in opposition to Plaintiffs-Appellants' Notice of Voluntary Dismissal on June 15, 2018. That letter argued that Plaintiffs-Appellants were barred in their entirety by Rule 41(a)(1)(B) from pursuing their claims and that the action should have been dismissed with prejudice. *See Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993) (holding that motion papers that seek dismissal on grounds that may lead to entry of summary judgment can constitute notice for purposes of a sua sponte conversion). On June 19, the District Court asked both sides for additional briefing on "whether such dismissals should be with or without prejudice." A92. In their amended brief for conditional certification, Plaintiffs-Appellants devoted a section to an argument that Rule 41(a)(1)(B) did not apply because the NYS and EDNY II Actions did not advance

7

the same claims.   Plaintiffs-Appellants spilled additional ink making this argument on reply, while also arguing that the inclusion of the putative opt-in plaintiffs created sufficient differences between the NYS Action and the EDNY II Action such that they do not fall within a "strict construction" of Rule 41.   A436-38.   Both of these filings afforded Plaintiffs-Appellants "reasonable opportunit[ies]" to present argument on the issue which became the basis of the District Court's decision.   *Villante*, 786 F.2d at 521.

Further, the District Court provided adequate notice that it was considering Defendants-Appellees' opposition to the motion for conditional certification as a cross-motion for summary judgment.   The court invited Plaintiffs-Appellants to submit any additional information they deemed appropriate.   The Plaintiffs-Appellants chose not to do so.   Nor did Plaintiffs-Appellants file a request for more time to provide additional information.   "[B]ased on the facts and circumstances of the particular case, [Plaintiffs-Appellants] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment[.]" *Villante*, 786 F.2d at 521 (internal quotation marks omitted).

## II.

Plaintiffs-Appellants' only remaining argument[2] is that their state-court complaint does not assert the FLSA claims that they asserted in federal court, and that the cases are

---

[2] Plaintiffs-Appellants argue for the first time on appeal that their dismissal of the EDNY II Action was involuntary.   They claim that they had to dismiss the suit because

8

therefore different for purposes of Rule 41(a)(1)(B). Rule 41, however, does not require that the two prior dismissals be of cases asserting identical claims. A second voluntary dismissal under Rule 41(a)(1)(B) shall be with prejudice so long as the plaintiff's prior action was "based on or includ[ed] the same claim." FRCP 41(a)(1)(B). The few circuits to have considered this issue have analogized the two-dismissal rule to the doctrine of res judicata, which bars a plaintiff from re-litigating a matter that has already been decided by another court, even when the plaintiff is asserting different legal claims or causes of action. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1080 (9th Cir. 1999) (comparing a Rule 41(a)(1) determination to res judicata); *Manning v. S.C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 47 (4th Cir. 1990) (applying Rule 41(a)(1) as res judicata). Similarly, we hold that a second action is "based on or includ[es] the same claim" for purposes of Rule 41(a)(1)(B) whenever it arises from the same transaction or occurrence as the first action. Here, although the complaint in federal court included federal causes of action not pled in state court, both actions arose from the same set of facts and all of Plaintiffs-Appellants' additional claims either were or could have been raised in state court. As aptly noted by the District Court, to hold otherwise would

---

venue would have been improper and because it duplicated the class portion of the EDNY I Action. These arguments are waived, and we need not consider them. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

allow a plaintiff to evade enforcement of the two-dismissal rule by simply adding a new

cause of action to the same set of facts.

We have considered Plaintiffs-Appellants' remaining arguments and find them to

be without merit.    Accordingly, we **AFFIRM** the judgment of the District Court.