NOT DESIGNATED FOR PUBLICATION

No. 122,653

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST,
Not in its Individual Capacity but Solely as Trustee for Brougham Fund 1 Trust,
*Appellant*,

v.

JOSEPH CAMPBELL and LAURA J. CAMPBELL,
*Appellees*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed June 11, 2021.
Reversed and remanded with directions.

*Kersten L. Holzhueter*, of Spencer Fane LLP, of Kansas City, Missouri, for appellant.

*Mark E. McFarland*, of Hinkle Law Firm LLC, of Lenexa, for appellees.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: The Johnson County District Court granted summary judgment in
this mortgage foreclosure action for Defendants Joseph and Laura Campbell because two
earlier foreclosure actions against them had been dismissed without prejudice by court
orders entered on plaintiffs' motions. In doing so, the district court misapplied the statute
governing successive dismissals of civil actions. We, therefore, reverse the summary
judgment and remand to the district court with directions to reinstate this foreclosure
action. We do so because K.S.A. 60-241(a) plainly requires that result notwithstanding

1

the questionable practices of the lawyers representing the mortgage holders in the earlier actions and the district court's failure to carefully police those practices.

FACTUAL AND PROCEDURAL HISTORY

On appeal, the parties agree the district court accurately set out the relevant facts in its memorandum decision and order granting summary judgment. We do not look behind that agreement and sketch an abbreviated account of the litigation history pertinent to the statutory issue before us.

In 2002, the Campbells initially mortgaged the real property that has since been subject to the foreclosure proceedings. We infer the property to be a developed residential lot. We skip ahead about a decade:

• BMO Harris Bank, as the mortgage holder, filed a foreclosure action against the Campbells in 2013 in the district court. Lawyers with South & Associates represented the bank. The bank filed a motion for summary judgment that was fully briefed by both sides. With a ruling on summary judgment pending, the bank filed a motion in April 2014 requesting an order dismissing the action without prejudice. Under Supreme Court Rule 133(b) (2021 Kan. S. Ct. R. 214), a party filing a motion in a civil action must allow the opposing party seven days after service of the motion to file a response unless the district court directs otherwise.  The rule has been in effect in its present form since July 2012 and, therefore, governed the dismissal motion the bank submitted to the district court.

The lawyers for the bank served the motion on the lawyers representing the Campbells but obtained a signed dismissal order from a district court judge four days after filing the motion and without setting the matter for hearing. The order expressly stated the dismissal was without prejudice.

• Later in 2014, PrimeStar Trust acquired the mortgage and corresponding note. PrimeStar, represented by South & Associates, filed a new foreclosure action in February 2015. The Campbells filed an answer, although how that case progressed isn't entirely clear from the record in front of us. In any event, Primestar filed a motion to dismiss without prejudice in August 2016 and obtained a signed order of dismissal from a district court judge the next day without a hearing. In its memorandum decision in this case, the district court characterized the August 2016 order as "seemingly without prejudice," a reference we take to mean the order did not explicitly state one way or the other. That order is not included in the record on appeal, so we rely on what's in the memorandum decision, as the parties have agreed.

The agreed-upon facts do not indicate the lawyers for the Campbells objected to the order of dismissal or sought to set it aside under K.S.A. 60-259 or K.S.A. 60-260. We, therefore, assume no such objections or efforts were made.

• Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as Trustee for Brougham Fund 1 Trust, the plaintiff in this case, acquired the mortgage and note. Wilmington Savings, represented by lawyers from Martin Leigh, P.C., filed this foreclosure action against the Campbells in December 2017. Wilmington Savings and the Campbells filed cross-motions for summary judgment. As we have indicated, the district court entered summary judgment for the Campbells on the grounds that the voluntary dismissal of the 2014 action necessarily was on the merits under K.S.A. 60-241(a), thereby precluding this foreclosure action. Wilmington Savings has duly appealed.

LEGAL ANALYSIS

The standards governing summary judgment motions in the district court and on appeal are settled and often repeated. We do not belabor them here, since the parties do

3

not suggest there are any disputed issues of material facts bearing on the district court's ruling. Essentially, the courts must give the nonmoving party the benefit of any disputed facts and any reasonable inferences drawn from the facts. If the moving party is entitled to judgment as a matter of law on that review of the record, then summary judgment properly may be entered. See *Estate of Randolph v. City of Wichita*, 57 Kan. App. 2d 686, 689-90, 459 P.3d 802, *rev. denied* 312 Kan. 891 (2020). The issue here turns on the application of K.S.A. 60-241(a) to the undisputed facts and, thus, presents a question of law.

In pertinent part, K.S.A. 2020 Supp. 60-241 provides:

"(a) *Voluntary dismissal*. (1) *By the plaintiff*. (A) *Without a court order*. Subject to subsection (e) of K.S.A. 60-223, K.S.A. 60-223a and K.S.A. 60-223b, and amendments thereto, and any applicable state statute, the plaintiff may dismiss an action without a court order by filing:

(i) A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared. When the dismissal is by stipulation, the clerk of the court must enter an order of dismissal as a matter of course.

(B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) *By court order*; *effect*. Except as provided in paragraph (1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph is without prejudice."

4

On appeal, Wilmington Savings submits the district court erred in concluding the dismissal order ending the second foreclosure action effectively operated as a notice of dismissal and, therefore, amounted to an adjudication on the merits. We agree with Wilmington Savings, given the plain language of K.S.A. 60-241(a).

By its terms, K.S.A. 2020 Supp. 60-241(a) regulates the voluntary dismissal of civil actions and draws a clear difference in procedure and effect between dismissals by court order, on the one hand, and dismissals by either notice of the plaintiff or stipulation of the parties, on the other hand. As provided in K.S.A. 2020 Supp. 60-241(a)(1)(B), if a plaintiff has once dismissed an action, a dismissal by notice of a second action based on or including the same claim amounts to an adjudication on the merits. As such, the second dismissal effectively creates a res judicata bar to a third action. See *Jian Yang Lin v. Shanghai City Corp.*, 950 F.3d 46, 50 (2d Cir. 2020) (construing comparable provision of Fed. R. Civ. P. 41[a]); 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2368 (2021). This is commonly known as "the two-dismissal rule." See *Sumner v. Law Offices of Jerry Berg, P.A.*, 20 Kan. App. 2d 572, Syl. ¶ 2, 890 P.2d 742 (1995).

The rule aims to prevent John Doe from litigiously harassing Richard Roe by serially filing and then dismissing by notice what functionally amounts to the same action. 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2368. A dismissal by notice after an initial dismissal on any procedural basis interposes a legal bar to a third filing. And it applies to actions filed in different jurisdictions. But the rule comes into play *only* if the second dismissal is by notice. *Sumner*, 20 Kan. App. 2d at 573-74; 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2368. Although the pertinent language of K.S.A. 60-241(a) has been amended in the 25 years since *Sumner*, those changes have been editorial rather than substantive. So *Sumner* continues to correctly state the rule and how it operates.

Here, both dismissals preceding this action were by district court order. Those dismissals, therefore, did not trigger the two-dismissal rule in K.S.A. 2020 Supp. 60-241(a)(1)(B). And the district court erred in dismissing this action in reliance on the rule.

In this respect, K.S.A. 60-241(a) is plain and unambiguous. District courts and appellate courts alike are obligated to review and apply statutes as they are written. In construing a comprehensive statute, such as this one governing dismissal of civil actions, an appellate court must, as a first priority, strive to honor the legislative intent and purpose. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). The court should look initially to the words of the statutes to discern legislative intent. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 725-26, 317 P.3d 70 (2014). If those words are clear, they control. Judicial review should not, then, add something to the statutory language or take away something already there. *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007).

Here, the district court disregarded those principles to hold the court-ordered dismissal of the second foreclosure action ought to be treated as a dismissal by notice when it plainly was not. The district court noted that the lawyers for the plaintiff mortgage holder in the second action violated Rule 133 by obtaining a judge's signature on the dismissal order before the seven-day period for the Campbells to respond to the motion had expired. That's true. But neither K.S.A. 60-241(a) nor Rule 133 contains an exception expanding the two-dismissal rule in that circumstance.

As we have indicated, the Campbells could have challenged the adequacy of the dismissal order in the second action. They did not. As a result, they forbore the opportunity to ask that the district court impose conditions on granting the dismissal without prejudice in that action. See K.S.A. 60-241(a)(2) (district court may order dismissal on plaintiff's motion "on terms [it] considers proper"). Trial courts may require the plaintiff to pay all or some portion of the defendant's litigation expenses, often

6

including attorney fees, as a condition for entering a dismissal order or as a condition precedent to filing another substantially similar action. See 9 Wright & Miller, Federal Practice and Procedure: Civil 4th § 2366 (2021) (considering Fed. R. Civ. P. 41). The district court's prerogative to impose conditions on a plaintiff in an order of dismissal affords the defendant a measure of protection against the oppressive filing of repetitive actions. That judicial authority shares a common objective with the two-dismissal rule, but it applies to court-ordered dismissals rather than to dismissals by notice.

As we have also indicated, the lawyers for the mortgage holder in the second foreclosure action were, at best, neglectful and, at worst, indifferent to their duties under Rule 133 and the Campbells' right to fair notice and an opportunity to be heard on the motion to dismiss. The district court judge who signed the order in the second case apparently failed to take adequate steps to see that Rule 133 had been honored. But those deficiencies in the second foreclosure action do not create a license for the district court in this case to retool K.S.A. 60-241(a) to give the Campbells the benefit of the two-dismissal rule.

The district court's judicial magic in this case rested on two impermissible deviations from K.S.A. 60-241(a). First, as the district court acknowledged, it treated the dismissal order in the second action as the legal equivalent of a notice of dismissal. In addition, however, the plaintiff in the second action could not have dismissed by notice because the Campbells had already filed an answer in that case. And K.S.A. 60-241(a)(1)(A)(i) expressly precludes a plaintiff from dismissing by notice after the defendant has answered or moved for summary judgment. So that's another unacknowledged problem with the district court's reasoning in granting the Campbells' motion for summary judgment. In short, courts can neither simply ignore statutory language nor recast the facts as something they are not to carry out what they perceive to be the spirit of the law rather than its letter. The district court did just that here, and its summary judgment for the Campbells must be set aside.

In the interest of completeness, we consider and discount *Gioia v. Blue Cross Hospital Service*, 641 F.2d 540 (8th Cir. 1981), on which both the district court and the Campbells heavily rely. We recognize that our courts frequently draw on federal case authority to construe civil procedure statutes that have direct counterparts in the Federal Rules of Civil Procedure. See *Rebarchek v. Farmers Co-op Elevator*, 272 Kan. 546, 552, 35 P.3d 892 (2001); *Sumner*, 20 Kan. App. 2d at 574; *In re Marriage of Bos*, No. 109,850, 2014 WL 1796155, at *4 (Kan. App. 2014) (unpublished opinion). Regardless, however, *Gioia* is readily distinguishable.

The case before the Eighth Circuit Court of Appeals in *Gioia* was the third action between the parties. The first had been filed and dismissed in Missouri state court; the second had been filed and dismissed in federal district court. The third was filed in the same federal district court. The district court dismissed the third action based on the two-dismissal rule, and the appellate court affirmed. In the second action, Gioia filed what he captioned as a "Memorandum for Clerk" that purported to dismiss the suit without prejudice on the plaintiff's insistence. The filing did not conform to any recognized motion or notice contemplated in the federal procedural rules, although the requested result would have been something akin to a dismissal by notice. The district court judge in the second action signed a handwritten margin note on the filing stating, "So ordered." No separate order of dismissal was entered.

In the third action, the district court construed the dismissal in the second action to be by notice rather than by court order, effectively disregarding the margin note. The appellate court affirmed, while acknowledging what it characterized as "multiple procedural errors" over the course of the litigation. 641 F.2d at 541. The district court, apparently with the acquiescence of the parties, identified the controlling issue before it to be simply whether the manner of dismissal in the second action was by notice or by order. As the appellate court pointed out, neither the district court nor the parties

8

considered the possibility that a dismissal by notice would have been ineffective in the second action. 641 F.2d at 543 & n.6. That's a significant difference from the record here.

As we have explained, a notice of dismissal could not have been effective in the second foreclosure action here specifically because the Campbells had filed an answer. So the dismissal of that action must have been by court order, obviating application of the two-dismissal rule. In this case, the district court could not remake (or more accurately ignore) that fact to reach an outcome it considered intrinsically fairer than the one required under the plain meaning of K.S.A. 60-241(a).

On appeal, Wilmington Savings asserted an alternative argument for reversing the district court: The restrictions on successive actions in K.S.A. 60-241(a) should not apply because a different plaintiff brought each of the three mortgage foreclosure actions against the Campbells. Because we have otherwise granted Wilmington Savings the relief it seeks, we decline to consider this argument.

MOTION FOR ATTORNEY FEES

Wilmington Savings has timely filed a motion and supporting materials to recover its attorney fees on appeal from the Campbells. Under Supreme Court Rule 7.07(b) (2021 Kan. S. Ct. R. 51), we may award attorney fees on appeal if the district court had the authority to award fees. Wilmington Savings cites provisions in the mortgage and the related note that permit the recovery of attorney fees from the Campbells in an action against them to remedy a breach. We read those provisions as requiring Wilmington Savings to obtain a judgment materially remedying the claimed breach as a necessary condition for recovering its attorney fees. In other words, Wilmington Savings must be a prevailing party in this action.

In this appeal, Wilmington Savings has succeeded in reversing the summary judgment against it. The result, however, merely returns this case to the district court for further proceedings presumably leading to a judgment on the merits. An award of attorney fees to Wilmington Savings would be premature until it obtains a merits judgment in its favor. We, therefore, deny the motion for attorney fees on appeal.

Reversed and remanded to the district court with directions to reinstate this action and for further proceedings consistent with this opinion. .